RICHARD LASS *et al.*, Respondents, *v.* BERNARD N. STERNBERG *et al.*, Appellants.

1. *Deeds of trust — Sale under, nine months after death of owner — Construction of statute.* — The statute forbidding the sale of property under a deed of trust within nine months from the death of the owner (Wagn. Stat. 94, § 7) refers only to deeds of trust executed by the decedent, and not such as may have been executed by some prior owner on the same property.
2. *Deeds of trust — Trustee cannot purchase at sale — Is entitled to be reimbursed, when.* — A trustee cannot buy for his own benefit at the trust sale, and his purchase at such sale will inure in equity to the use of the beneficiaries. He has, however, the right to be reimbursed to the full amount of what he has expended for the property. When the beneficiaries do this they are entitled to the benefit of the purchase.

*Appeal from St. Louis Circuit Court.*

*Fisher & Rowell*, for appellants.

*Finkelnburg & Rassieur*, for Eisleben.

*F. & L. Gottschalk*, for respondents.

ADAMS, Judge, delivered the opinion of the court.

The plaintiffs, as the sole heirs at law of Frederick Lass, deceased, who died in 1869, brought this suit to redeem a lot in the city of St. Louis, which belonged to their ancestor, and which,

after his death and within nine months, was sold under a deed of trust existing upon the lot when the ancestor bought the same. The deed of trust under which it was sold was not executed by Lass, but by the prior owner. Lass, after he became the owner, executed to the defendant Sternberg, as trustee, a deed of trust to secure a debt of $350 to F. A. Meysenberg. At the sale under the first deed of trust, Sternberg became the purchaser, and soon after conveyed the property to his co-defendant, Eisleben, and this suit was brought to redeem the property by paying the amount Sternberg paid for the property and also the amount due to Meysenberg. Meysenberg, it seems, was not made a party to the suit. The case was tried upon an agreed state of facts which are substantially as above detailed. The court rendered a decree in favor of the plaintiffs' vesting the title in them on the payment of the amount Sternberg paid for the property.

It is contended that the sale under the prior deed of trust was not valid because the ancestor of the plaintiffs had not been dead nine months before the sale. To warrant this conclusion, section 7 of article III, title Administration (Wagn. Stat. 94), is relied on. That section reads: "If any person, having given a deed of trust or mortgage with power of sale, die, no sale shall take place under such deed of trust or mortgage within nine months after the death of such person." This section was first enacted in 1847, and was embraced in the revision of 1855 and continued in the General Statutes or revision of 1865. The language of this section is too plain to admit of doubt as to its proper construction. It refers alone to the deeds of trust executed by the person who dies, and not to such as may have been executed by other parties on the same property. There has been no adjudicated case arising on this section that I am aware of; but the history of the country will show that the construction has been to apply it to deeds of trust and mortgages with powers of sale, given by the party who dies, and not to such deeds as may have been given by others. My judgment, therefore, is that the sale under the first deed was not invalid because it was made before the nine months expired after the death of the plaintiff's ancestor.

But Sternberg, who bought under the first deed of trust, was

the trustee in the deed of trust given by the plaintiff's ancestor. Holding this fiduciary relation to the creditor as well as the debtor, he could not buy for his own benefit, and his purchase inured in equity to the use of the beneficiaries. This doctrine is too well established in this State and elsewhere to need illustration or argument. He has the right to be reimbursed to the full amount of what he expended for the property. When the beneficiaries do this, they are entitled to the benefits of the purchase. (See Thornton v. Irwin *et al.*, 43 Mo. 153; Rea *et al.* v. Copeland, 47 Mo. 83; Torry v. Bank of New Orleans, 9 Paige Ch. 663; Sto. Eq., § 1211; 1 Wh. & Tud. Cas. in Eq. 208.)

In this case it will be observed that the creditor in the last deed of trust is not made a party to this suit. He cannot be affected by the judgment. Unless his debt be paid it will still remain a lien on the property in the hands of the plaintiffs. Under this view the judgment must be affirmed. The other judges concur.