JOHN McALLEN, *et al.*, Respondents, *vs.* CEPHAS P. WOOD-
COCK, Appellant.

1. *Execution—Sale of land owned by corporation under—Purchase by Treasurer
—Title acquired not adverse to company.*—Where under execution against a
corporation, land held by its trustees was purchased by one who was stock-
holder and treasurer of the company, it was held that the purchase must be
regarded as having been made for the benefit of the association, and that the
title which he acquired could not be considered as hostile to the company.

2. *Practice, civil—Joinder of co-plaintiff against his consent—When proper.*—In
suit against a corporation, where a trustee was made co-plaintiff without his
knowledge and against his consent, and prayed a dismissal as to himself on
that ground: *Held,* that although he might have been joined as co-defendant,
yet it was not error in the court to overrule the motion, and retain him as
plaintiff, on the execution by his co-plaintiffs of a bond to indemnify him
against costs.

### *Appeal from Buchanan Circuit Court.*

*B. Loan,* for Appellant.

*A. H. Vories,* for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This was an ejectment, brought by the trustees of "The
North Prairie Farmers' Institute" to record a tract of land
in Andrew county.

The petition is in the usual form. The defendant denied
that there was any such corporation as the "North Prairie
Farmers' Institute," and alleges that said corporation, cre-
ated by an act of the General Assembly in 18—, had ceased
to exist by reason of the failure of the stock-holders to elect
trustees, etc., for ten years prior to the institution of this suit.
The answer denies that McAllen, etc., are trustees or have
been since 1863. The answer further denies that plaintiffs
are the owners or entitled to the possession of the real estate
sued for. The answer further denies that this suit is brought
by the real parties in interest.

A replication was filed to this answer. The case was re-
moved to Buchanan county where the court found for plain-
tiffs.

The bill of exceptions showed that James Duncan, one of the plaintiffs, appeared in court and asked the court to dismiss said cause, so far as it related to him ; that the suit was commenced without his knowledge and against his consent. But the other plaintiffs objected to this and insisted on their right to use his name, and then gave a bond to indemnify him against costs, and the court thereupon refused to dismiss the suit, so far as Duncan was concerned.

Subsequently, the only dispute seems to have been whether the plaintiffs were successors of the original trustees. Various records of the board were read to establish this. The plaintiffs, it may be here observed, are John McCallon (or McAllen), William Wade, James Duncan, Miles Haile and Daniel C. Thomas. Wm. K. Debord, a witness for plaintiff, produced a book alleged to be a record of the proceedings of the corporation, and stated that the book had been in the custody of the secretary of the association, until the secretary moved to Nebraska, and in possession of himself since. A deed from Singleton and wife to Wm. L. Butts, Josiah B. Depart, William Wade, Wm. K. Debord and John B. Colton, trustees of the North Prairie Farmers' Institute and their successors in office, for the land in controversy, was read. Objections were made to said deed because no title was shown in Singleton, nor possession, at the date of said deed. These objections were overruled and the deed read. The deed is an ordinary conveyance of three acres of land, described by metes and bounds, dated March, 1859.

This witness Debord further stated that there was a subscription list by the members of the board, which he supposed was in possession of defendant, as he was collector and treasurer of the board in 1859, and recognized the above grantees as trustees in 1859. Here the defendant was summoned as a witness, who stated that he did not have the subscription list, as stated by witness Debord ; that if he ever had anything of the kind, it was a mere memorandum of the subscription.

The witness Debord then proceeded to state that Collier, Hays, Haile, Tate, McAllen, Singleton, etc. were subscribers

to the association at twenty dollars a share. Defendant attended the meetings of the trustees, of which he was treasurer and D. C. Thomas was generally secretary. A meeting was held in 1863, when witness acted as chairman and Thomas as secretary. Duncan, Wade, Thomas, McAllen and Haile were appointed trustees. Defendant was at the meeting.

There was some dispute there as to Debord's signature to the minutes of this meeting in 1863; but it is not material whether Debord signed his name, or the secretary for him.

The plaintiffs then read from the book heretofore referred to and introduced by the witness Debord, the following entry: "North Prairie Farmers' Institute, December 3, 1859.— At a regular meeting of the stockholders of the above named institute, on the day above mentioned, Wm. L. Butts being chairman by virtue of a former election, the following proceedings were had : Daniel C. Thomas was appointed secretary ; on motion of Wm. L. Butts, Wm. McAllen was appointed secretary. On motion of Wm. L. Butts, Wm. McAllen was appointed one of the trustees, William K. Debord was elected another trustee. On motion of D. C. Thomas, Wm. L. Butts was elected another trustee. On motion of Hays, Dysart was elected another trustee, and on motion of McAllen, George Morriss was also elected a trustee." A great number of objections were made to this evidence, but overruled.

The plaintiffs then read the following entry : "North Prairie Farmers' Institute, December, 1859. At a meeting of the Board of Trustees, held at the institute on the day of the above date, William L. Butts, Wm. McAllen, Wm. K. Debord and George Morriss being present, Wm. K. Debord moved that Wm. L. Butts be appointed president, and Daniel C. Thomas was elected secretary ; Cephas P. Woodcock was elected treasurer. Cephas P. Woodcock was appointed to superintend the repair of the building. Cephas P. Woodcock was further ordered to complete the well fit for use. On motion the meeting was adjourned *sine die.*—Wm. L. Butts, president; D. C. Thomas, secretary." Similar objections were made to this entry.

McAllen, et al. v. Woodcock.

The plaintiffs then read the following: "On the 11th day of December, 1859, the trustees of the North Prairie Farmers' Institute met according to notice by said trustees, for the purpose of transacting business for said Institute. On the annual settlement the Board of Trustees find in treasurer's hands, $2,593.27 ; amount paid out by said treasurer, $2.571 01 ; balance remaining in treasurer's hands, $22.26 ; amount paid treasurer on commission, $129.66. We find in the hands of treasurer, in school bill for collection, remaining $144.73. We find in the hands of the treasurer in notes for collection, $134.45. Amount remaining uncollected on schoolhouse stock, $36.50 ; due, $338.07. On motion the meeting adjourned *sine die*.—W. L. Butts, president; Dan. C. Thomas, secretary.

The plaintiffs then read the following entry : " The stockholders of said institute met on the 1st Saturday in December, 1860, organized by calling W. L. Butts to the chair, and Samuel Hunter being chosen as secretary *pro tem*. On motion, the stockholders elected as trustees the following named persons, to-wit: W. T. McAllen, W. K. Debord, W. L. Butts, Miles Haile, John C. McAllen, for the ensuing year. On motion, the meeting adjourned.—W. L. Butts, president.—The above named board elected W. L. Butts president for the ensuing year. W. L. Butts, president.

The plaintiffs then read an entry in said book as follows: "North Prairie Farmers' Institute. Board of Trustees met on the 14th of December, 1860, for the purpose of transacting business. North Prairie Farmers' Institute, Dr., to C. P. Woodcock, Treasurer. (Here follows an account, showing the treasurer in advance of $18.91.) Board of Trustees appointed C. P. Woodcock treasurer for the ensuing year ; also D. C. Thomas, secretary. On motion, the board adjourned. Signed, Butts & Thomas."

The plaintiffs then read the following entry: "Annual meeting of directors, on 4th of April, 1863. The stockholders of the North Prairie Farmers' Institute met and elected their directors for said institute, for the ensuing year 1863.

Motion made by W. L. Butts, that W. Debord act as chairman for the present meeting. On motion, there was some amendment to the 28th section of the by-laws in reference to transfers of stockholders, to-wit : Provided said transfers shall be filed and recorded within sixty days from the time of transfer. By order of the board, the secretary is required to issue certificates to all persons who own stock in the North Prairie Farmers' Institute. On motion, the school money No. 5, in T. 61, R. 36, be applied to payment of former teachers' wages or otherwise in said district. On motion, the meeting appointed John McAllen, Wade, Duncan, Haile and Thomas trustees. On motion, the trustees are required to levy a tax, etc."

To all this evidence objections were made and overruled and exceptions taken.

The same witness continued to state that the trustees had possession of the school building and lot in controversy in 1857, 1858, 1859 and 1860. The rent of said building was worth $200 per year. The witness left Andrew county in June, 1863, and returned in 1864.

Singleton was then called as a witness for plaintiffs, who stated that he owned 500 shares in the North Prairie Farmers' Institute, and sold them to defendant some twelve or eighteen months before the trial, for a nominal sum.

Dysart says he was a stockholder; attended some of the early meetings; thinks the rent was worth $200 per annum.

Wade testifies that he was a stockholder and saw defendant at the meetings of the board. McAllen testifies to the same purport. At the meeting in 1863, there were present Thomas. Haile, McAllen and defendant. Defendant claimed the property in 1863.

The plaintiffs then read in evidence a deed from the sheriff of Andrew county to defendant, for the land in controversy, which was sold on a judgment against W. L. Butts, president, William Debord and Wm. J. McAllen, trustees of the North Prairie Farmers' Institute. The deed recited that on the 17th of April, 1862, a judgment was rendered in the Circuit Court

of Andrew county in favor of J. M. Ewing, to the use of S. Falconer to the use of S. Powers, against W. L. Butts, president Wm. Debord and Wm. J. McAllen, trustees of the North Prairie Farmers' Institute, for $250; that execution issued September 7th, 1863, and that by virtue of this execution, on the 12th of September, 1863, a levy was made, and the sheriff seized all the right, title and interest of said Butts, Debord and McAllen, trustees, etc., in and to said property (describing it) and having twenty days notice, etc., on the 8th of October, 1863, he sold to Woodcock, as the highest bidder, for $187.71.

The plaintiffs then closed, and the defendant asked the following instruction:

"The plaintiffs are not entitled to recover."

This instruction was refused, and the defendant then introduced as a witness, James Duncan, who said he was not at home in Andrew county, in 1863; did not attend any meeting of the stockholders of the North Prairie Farmers' Institute; had no notice of his election in 1863.

Some other witnesses were examined in relation to the abandonment of the school house during the war. Defendant also stated that he bought the land and house in 1863, and that he allowed a district school to be kept in the house, and only charged a rent for it when taxes were levied on it.

The plaintiffs introduced the judgment under which defendant bought.

The plaintiffs then asked the following instructions:

1. The deed read in evidence from Singleton and wife to Butts, Dysart, etc., trustees, etc., vested the title *prima facie*.

2. Defendant, if a stockholder and acting at elections, was estopped from denying the character in which plaintiffs sued.

3. Defendant could not deny Singleton's title, if the only title he claimed is by a judgment and execution against Singleton's grantees.

The defendant asked the court to declare that no evidence was produced of Singleton's title and that his deed conferred

no title; and that, unless within ten years previous to the commencement of the suit, plaintiffs had been in possession, no recovery could be had.

There was a verdict and judgment for plaintiffs.

The property in dispute in this case consists of three acres of land and a school house, which, it appears very clearly, was bought from one Singleton, and conveyed to the trustees of the association, termed the North Prairie Farmers' Institute, in 1857. There is no question of Singleton's title, or of the trustees who bought from Singleton.

The only adverse title is the one claimed by the defendant who bought under a sheriff's sale in 1863, under a judgment and execution against the trustees of the association. When the purchase was made he was the treasurer of the association or corporation. He was a stockholder in the company. His purchase must be regarded as made for the benefit of the company of which he was a member, and the title he acquired cannot be considered as hostile to the company, of which he was a member.

There seems to be some question as to whether the present plaintiffs are successors of the original trustees; but the evidence which we have copied in full, is conclusive on this point.

We see no objection to allowing Mr. Duncan to be retained among the plaintiffs when his co plaintiffs gave a bond to indemnify him against costs. He was one of the trustees, and properly named as plaintiff, though, undoubtedly, he might have been placed on the other side of the case, upon allegations that he refused to join. The question is one of practice. He was examined as a witness, and nothing was lost by defendant by his appearing as plaintiff.

This suit was brought in January, 1873. There was no ground for claiming the statute of limitations as a bar to the action, since the defendant's title originated in the last month of 1863.

Judgment affirmed. The other judges concur, except Judge Vories, who did not sit.