NAPTON, *Appellant*, v. HURT.

**Deed of Trust**: PLACE OF SALE: REMOVAL OF COURT HOUSE. After the execution of a deed of trust, by the terms of which the trustee was authorized to sell at the court house in the City of Kansas, the court house was, by law, removed to and established at a different place in the same city. *Held*, that the trustee must sell at the new place and not at the old.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Gage & Ladd* for appellant.

*F. M. Black* and *Jas. F. Mister* for respondent, cited *Kane v. McCown*, 55 Mo. 181; *Waller v. Arnold*, 71 Ill. 350; s. c., 1 Cent. Law Jour. 548.

HENRY, J.,—The petition alleged, that on the 21st day of April 1862, William Bales and wife, by their mortgage conveyed to Benjamin Perry, with power of sale, certain lots in Kansas City described therein, and afterwards conveyed the same lots, subject to the mortgage, to John S. Harris who on March 15th, 1873, conveyed all his interest therein to Henry Tobener, president of the Union German Savings Bank, for the benefit of said bank; that afterwards the said bank was adjudged bankrupt, and James C. Babbitt, duly appointed assignee of said bank, received from John K. Cravens, register in bankruptcy, a conveyance of all the right, title and interest of said bank in the said property; and at the request of the holder of the note secured by the mortgage from Bales, and an order of the district court for the western district of Missouri, on the 23rd of August, 1873, said Babbitt regularly sold said property, and the defendant, James Hurt, became the purchaser at the sum of $560, of lots 2 and 4 in block 8, conveyed by said mortgage; that on the 18th day of December, 1869,

the plaintiff and his wife executed and delivered to one Isaac M. Ridge, as trustee, their certain deed of trust of certain real estate therein described to secure a promissory note for $953.50, payable twelve months after its date to Thomas Smart, or order, which deed of trust provided, that if plaintiff failed to pay said note and interest when due, the trustee should proceed to sell the said property, or so much as should be necessary to pay said note and interest, at public sale for cash, at the west door of the court house in the City of Kansas, county of Jackson, and State of Missouri ; that afterwards said Hurt, defendant, became the holder of the note executed by plaintiff, and plaintiff became the assignee of the claim against Hurt, on account of his bid of $560 for the lots 2 and 4 purchased by him at said Babbitt's sale. The petition alleges that Napton tendered to Hurt $741 cash, and the said claim for $560, and a deed for said lots 2 and 4, which Hurt refused to receive in payment of plaintiff's note held by him, and plaintiff brought into court and deposited with the clerk said $741 and said deed. It also alleges that said Hurt had caused the trustee, in the said deed of trust, executed by plaintiff, to advertise said property for sale on the 8th day of June, 1874, between the hours, &c., at the court house door in the City of Kansas, county of Jackson, State of Missouri, to satisfy said note; that at the date of the execution of said deed of trust, the court house in the said City of Kansas was in the public square, at or near the corner of Fourth and Main streets, and the west door thereof fronted on Main street, and was, and for a long time prior thereto, had been the usual and customary place fixed for sales under trust deeds, and was a public and much frequented place, but, that since the execution of said trust deed, the court house had been, by law, located and established at the corner of Second and Main streets, and is a retired and unfrequented place, except during the session of court held therein, and that there is no west door to said court house; and that if the sale be permitted to take

place, the property of plaintiff, in consequence of the doubt that may exist in regard to the validity of such sale will be sacrificed; and prays for an injunction to restrain, defendant from selling under said advertisement.

On motion, the court struck out that portion of the petition in relation to the Bales deed of trust. On the hearing, the tender of the $741 was admitted, and evidence of the tender of the deed was excluded. There was evidence showing the facts in regard to the old and new court house as alleged in the petition. The temporary injunction, so far as it restrained defendant from selling at the court house on Second and Main streets, was made perpetual, but was dissolved, so far as it prevented defendant from selling at the old court house on Fourth and Main streets.

From the decree plaintiff has appealed, and contends that the court having obtained jurisdiction on account of the attempted sale at a place not authorized by the deed of trust, should have proceeded to pass upon the set-off and tender pleaded, and determined the whole case presented by the petition. If the court erred in enjoining the sale at the new court house, if in other words, upon the facts disclosed in the petition, the trustee had a right to sell the property at the court house on Second and Main streets, then the court had no jurisdiction of the case made by the petition, and the bill should have been dismissed. In *Hambright v. Brockman*, 59 Mo. 52, which seems to have been overlooked by counsel, this court distinctly held the contrary doctrine to that upon which the decree rendered by the court below was based, with respect to the proper place to sell the property under the deed of trust. That is decisive of this case on that point. The court, therefore, properly struck out that portion of the petition relating to the Bales mortgage, and the debt secured by it, and the assignment to Napton of the claim against Hurt on his bid for lots 2 and 4. From the decree, defendants, nor either of them, but only the plaintiff appealed. The error

in the decree is against defendants, but they have not appealed, and, wherein erroneous, it is not prejudicial to plaintiff, who does appeal, and the balance of the decree, of which he complains, was right and proper. Inasmuch, however, as defendants have not seen proper to appeal from the decree, and the plaintiff has no legal ground of complaint against it, we can but affirm the judgment of the court below. All concur except NAPTON and HOUGH, JJ., not sitting.