RYAN et al., *Plaintiffs in Error*, v. RIDDLE.

**Joint Contract:** PARTIES TO SUIT. All the joint obligees of a bond are necessary parties plaintiff in an action for its breach; one of them cannot be made a co-defendant, upon an allegation in the petition that he refused to join with plaintiffs in the prosecution of the action. Section 3466, Revised Statutes 1879, does not apply to such a case. *McAllen v. Woodcock*, 60 Mo. 174, distinguished.

*Error to Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*T. J. Galloway* for plaintiffs in error.

*P. H. Holcomb* for defendants in error.

MARTIN, C.—The plaintiffs sue as joint obligees in a bond. The bond was executed by James Riddle, defendant, as sole obligor, in favor of the plaintiffs and the de-

fendant Smith, as joint obligees.    It seems that defendant, James Riddle, sold to Josiah J. Ryan, Luther Shobe and Frank Smith, a stock of tools used by him in the tin business, and that in consideration of the sale he gave them his written obligation conditioned that he would not manufacture tinware or sell stoves in the town of Butler for the space of one year.    The plaintiffs, being two of the obligees, bring this suit, alleging a breach of the bond by Riddle, the obligor; they further allege in substance that Frank Smith, their co-obligee, at the execution of the bond and since that time, has been secretly engaged with Riddle and with others in manufacturing tinware; and that he refused to join with plaintiffs in the prosecution of their suit, for which refusal he was made defendant under the provisions of the practice act.    The defendant Riddle demurred to the petition, and judgment was rendered in favor of defendants, from which a writ of error is prosecuted in this court.

The instrument sued on is clearly a joint obligation for the payment of money.  At common law no action could be maintained on it except in the names of all the obligees or their representatives.    It is argued by the plaintiffs in error that this rule of the common law has been modified by section 3466 of the practice act, which reads as follows :  " Parties who are united in interest must be joined as plaintiffs or defendants; but if the consent of any one who should be joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the petition."    R. S. 1879, § 3466.    This provision has remained in the same language since the adoption of our code of practice.    It embodies a rule familiar to equity pleaders, but was unknown at common law.    The construction given to it in modern practice has not been uniform.    In some states it has been applied to law cases.    *Hill v. Marsh,* 46 Ind. 218; while in others it has been confined to equity cases.    *Andrews v. Mokelumne Hill Co.,* 7 Cal. 330.    If it was still open for construction in this State, we might hesitate between conflicting constructions.    *Habicht v. Pember-*

*ton*, 4 Sandf. 657. But at an early day our Supreme Court held that this clause in our practice act did not authorize any number less than the whole of the obligees in a bond for the payment of money to maintain suit upon it. *Clark v. Cable* 21 Mo. 223; *Rainey v. Smizer*, 28 Mo. 310.

In an action of ejectment brought in the name of the trustees of a corporation, one of the trustees appeared in court and as plaintiff asked leave to dismiss the case so far as it concerned him, which was refused by the court upon the other plaintiffs giving bond to indemnify him against costs. The learned judge giving the opinion in the appellate court held that there was no error in this action of the court for the reason that upon his refusal to join as plaintiff he might have been placed on the other side as defendant. *McAllen v. Woodcock*, 60 Mo. 174. The previous cases were not overruled or alluded to in the opinion. The rights and obligations of the plaintiffs as officers and trustees of a corporation present a marked distinction between them and the obligees of a note or bond, which would naturally forbid the result of overruling the previous cases on such instruments, in the absence of any allusion to them. These early cases have been accepted and followed by the profession for nearly thirty years, and there is nothing peculiar to the case at bar, which can justify a distinction in its favor.

Certain incidents flow from the nature of a joint obligation or rather an obligation enuring to joint obligees. They are joint proprietors, and one must have as much right as the other to say and determine when suit shall be brought and when it shall be compromised or settled without suit. Neither can sue alone for his proportion. 1 Parsons Con., p. 13. It has been settled in this State that one of two joint obligees of a contract has the power to discharge and release the joint obligation. This was recently held in the case of *Henry v. Mount Pleasant Township of Bates Co.*, 70 Mo. 497, in which it was charged in the petition that the plaintiff's co-obligee had fraudulently and col-

lusively combined with the obligor being sued to defraud. the plaintiff out of his portion of the joint demand by receiving the amount of it and giving a bond to indemnify the obligor against the plaintiff. The judgment of the lower court sustaining a demurrer to the petition, was affirmed, and the case of *Clark v. Cable* was cited in support of the opinion. If one of the obligees can settle and dispose of the whole demand, it would be difficult to deny him upon principle as well as authority the lesser right of preventing suit upon it without his consent. The right of release and discharge remaining with him would render the right to sue without him an unavailing advantage, because he could release the whole demand after suit as well as before.

It seems to me the obligor of the contract is also interested in the mode of enforcing the obligation he has assumed. A suit against him by an obligee, although including the other obligee as defendant, necessarily involves an issue in which he is not interested, viz., a settlement of the interest or share belonging to each obligee respectively. This might involve the taking of a long account and the settlement even of a partnership.

For these reasons I am persuaded that the disability of the plaintiffs to maintain their suit in this form is an infirmity which inheres in the nature of the contract they entered into, and is not mere matter of form intended to be abolished by the practice act. The judgment is affirmed. PHILIPS, C., concurs.

WINSLOW, C., DISSENTING.—I cannot concur in the foregoing report. In my opinion Revised Statutes, section 3466, was intended to apply to all classes of actions. The code applies to all classes of actions, and, in adopting the rules of practice under it, its framers simply adopted many of the old equity rules of practice, because of their greater liberality and for the express purpose of abating the strictness of the old common law rules. It may as well be said

that the entire code only applies to equitable actions, as that the section in question is so limited. There is no exception to indicate any such intention. Every action is now an action on the facts, all the old forms and distinctions having been abolished. The last expression of this court is to the effect that the section in question applies to an action of ejec nent, which is not an equitable action. *McAllen v. Woodcock*, 60 Mo. 174. *Henry v. Mt. Pleasant Tp.*, 70 Mo. 497, 500, does not conflict with *McAllen v. Woodcock*. There only one of two joint obligees had sued, and it was held that he could not sue alone. The other obligee was not before the court on either side. The question involved here was not directly considered. I think that *Clark v. Cable* and *Rainey v. Smizer*, cited in the majority report, should be overruled, and a more liberal and rational rule established. They are adverse to the true spirit of the code.

The majority report was approved, RAY, J., dissenting; SHERWOOD, J., absent.