BAKER, *Appellant*, v. THE SPRINGFIELD & WESTERN MISSOURI RAILROAD COMPANY.

| 86 | 75 |
|----|----|
| 126 | 137 |

1. **Trustee, Purchase by of Outstanding Title.** A trustee who holds the legal title for the benefit of another cannot speculate with the trust property. He cannot purchase an outstanding title and hold it for his own use, and it matters not that such title was acquired by purchase at a judicial sale or that it is superior to the one conveyed to him in trust; and this rule is as applicable to a trustee holding the legal title to a railroad for the use of its bondholders as to other cases.

2. ————. Nor can a trustee, who has acquired such outstanding title, require, in an action of ejectment for the railroad, the latter to refund to him the amount paid by him for such title.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

AFFIRMED.

*James Baker pro se.*

(1) The rule that a trustee may not purchase the trust property "does not apply to mere naked or dry trustees, who practically have no interest in or power over the estate as trustees, to preserve contingent remainders. When the trustee has no duty to perform, as when one is trustee in fee for another in fee, having no authority over the estate, and standing in no relation of influence over the *cestui que trust*, the person named as trustee may purchase." Perry on Trusts, sec. 199 ; *Price v. Evans*, 26 Mo. 39 ; *Kennedy v. Keating*, 34 Mo. 28. (2) In this case the title upon which the suit is based never was in the mortgagor, and hence was not conveyed to the trustees in the mortgage. It had passed to Patrick Hayes by the sheriff's deed. In all the cases referred to in defendant's brief, the trustees were in

charge of the property, and took advantage of their position to effect the purchases, and, in each case, the title or interest acquired was an interest to which the *cestui que trust* was entitled, and hence are not applicable to this case. (3) The purchase at a sheriff's sale, though made by a trustee, is not invalid. It passes the legal title and the trust, if any exists, is not an express trust. At best it is an implied trust that must be declared by a direct proceeding. *Waddell v. Williams*, 50 Mo. 224.

*Wallace Pratt* and *C. B. McAfee* for respondent.

It was admitted by the pleadings and otherwise in the record, that the plaintiff, at the time he purchased the premises in controversy, was a trustee in a deed of trust, executed by this defendant to secure an issue of $200,000 of its bonds, and conveying all the property of the defendant, including that in controversy. If the plaintiff, by the purchase from Hayes, acquired any title to the premises in question, he cannot enforce it against the defendant. The relation of trustee and *cestui que trust* as to this property prohibits him. He can only hold the title he may have so acquired for the benefit of his *cestui que trust*, with the right to reimbursement under certain circumstances. 2 Perry on Trusts, sec. 749; *Grumley v. Webb*, 44 Mo. 444; *Rae v. Copelin*, 47 Mo. 76; *Lais v. Sternberg*, 50 Mo. 124; *McAllen v. Woodcock*, 60 Mo. 174; *Sherwood v. Saxton*, 63 Mo. 78; *Roberts v. Mosely*, 64 Mo. 507.

BLACK, J.—Ejectment for property in Greene county described as follows: "All that certain railroad and its appurtenances, beginning at a point in the city of Springfield and extending thence in a northwestern direction to Ash Grove, being about twenty miles." The property sued for is a part of the road bed of the old Kansas City and Memphis railroad, a branch of the Hannibal and

St. Joseph railroad. The "executive construction and managing committee" appointed, or rather confirmed, by the Hannibal & St. Joseph Railroad Company, received subscriptions to a large amount to aid in the construction of the branch road, and one of its members expended over $200,000 in grading and masonry in the preparation of the road bed from Springfield, in Greene county, to Greenfield, in Dade county. Out of the twenty-two miles graded in Greene county the right of way was procured to the branch road for five miles only and that in detached parcels. This work was done in 1870, 1871 and 1872.

Nothing further appears to have been done in the way of construction by the branch road. A new corporation, The Kansas City and Memphis Railroad Company, was organized to build a road over the same route. The executive committee of the branch road in 1872 and 1873 assigned, or undertook to assign, and transferred to the new organization the property rights, subscriptions, etc., of the branch. The new company in April, 1875, conveyed the road bed to Shepard and others, who, in September of that year, sold the same to defendant, a corporation organized to build a road from Lamar in Barton county by the way of Greenfield to Springfield. Thereafter the defendant procured to itself the remainder of the right of way, repaired and completed the grading and masonry, tied, ironed and put the road in operation. To raise money to prosecute this work defendant, on the first of January, 1878, made a deed of trust on all of its property to James Baker, the plaintiff here, and Mr. Wells, to secure an indebtedness of which there is outstanding some $200,000. On July 28, 1876, James Hayes recovered a judgment against the Hannibal & St. Joe Railroad Company for $18,000 on account of a grading contract, to be levied only of the property of the branch road, the Kansas City and Memphis railroad. By virtue of an execution issued thereon these eighteen

or twenty miles of said road bed sued for were sold to Patrick Hayes in November, 1876, and in February, 1879, he conveyed the same to the plaintiff. This was after the plaintiff became trustee for defendant and its bondholders in the deed of trust before mentioned.

The statement of the case would lead to the inference that the plaintiff's purchase was intended to be for the benefit of the defendant. The contention, however, is that he is only a dry trustee with no duties to perform and may purchase and assert an outstanding title. It is true these trustees have no active duties to perform so long as the interest and principal of the debt is paid. The bonds, however, are designed to pass from hand to hand in the market and are doubtless held by many persons scattered throughout the country. Any of the holders of these bonds to the amount of ten thousand dollars, in case of default, may call upon the trustees to sell. By the terms of the deed these bonds, were issued to raise money to construct the road, and for the better security the trust covers the franchises as well as all of the property of the company. Express stipulation of the deed is that the defendant shall remain in the possession, use and management of the road and its appurtenances so long as there is no default in payment of the principal or interest. The ability of the defendant to pay the interest and debt must depend upon the continued use of its entire line. To deprive it of the eighteen miles out of the sixty-five is to practically destroy the whole line. The trustees holding the franchises, as they do, owe a duty to the public as well as to the defendant and bondholders. Generally, a trustee who holds the legal title for the use of another will not be permitted to speculate with the trust property. He cannot purchase an outstanding title and assert and hold it for his own use. It makes no difference in his favor that the title acquired was purchased at a judicial sale, nor that it is superior to the title conveyed to him in

trust. *Roberts v. Moseley*, 64 Mo. 507; *McAllen v. Woodcock*, 60 Mo. 174; *Lass v. Sternberg*, 50 Mo. 124.

In Perry on Trusts (sec. 749), it is said with respect to trustees for bond holders in the class of cases now under consideration: "They should not acquire interests or put themselves in positions or relations which are antagonistic or hostile to the interests of the bondholders." We see no reason why this cause should be taken out of the general rules before stated. Reason and authority are against the right of the plaintiff to assert his title, if any he acquired through the sheriff's sale, in hostility to the defendant.

Other questions are presented by this record, all of which have been duly and fully considered, but the conclusion above stated must determine this cause and it is deemed unnecessary to further discuss them. Affirmed. All concur.

### On motion for re-hearing.

BLACK, J.—We see no good reason why this cause should be opened for re-argument. We are asked, in the event the court should deny a re-hearing, to so modify the judgment as to require the defendant to refund to plaintiff the purchase money paid by him to Hayes. This is simply an action of ejectment. The defendant asks no affirmative relief against the plaintiff. The relief which the plaintiff now asks is not prayed for in any of his pleadings. And if it had been it could not be afforded in this form of action. This being so we have not, nor do we now regard it, proper to determine whether Hayes acquired any title to the five detached miles of road bed, or to any part of the property sued for, or whether plaintiff, by his purchase, acquired anything of value to the defendant. The motion is overruled. All concur.