CATHERINE EDWARDS, Respondent, v. FREDERICK GOTTSCHALK, Appellant.

St. Louis Court of Appeals, April 19, 1887.

1. ATTORNEY AND CLIENT—TRUSTS IN LAND.—An attorney who purchases, with his own means, lands at a mortgage sale, in favor of his client, with the understanding that he will hold the lands until he is reimbursed for his services and expenditures, no time of so holding being fixed, can not, by notice to his client, terminate this trust relation, so as to hold the lands for his individual benefit, after such notice.

2. —— If the attorney, after such notice, buys in a superior title, this title will enure to the benefit of his client, subject to a lien for expenditures, and when the proceeds of the property have fully reimbursed the attorney for all expenditures, the client is entitled to an account and re-conveyance.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

Fred. T. Ledergerber, for the appellant: A mortgagee may purchase. *McNair v. Biddle*, 8 Mo. 257; *Cowan v. Barrett*, 18 Mo. 257; *Medsker v. Sweeney*, 45 Mo. 273; *Worley v. Dryden, supra*. An attorney may purchase (*Grayson v. Widdle*, 63 Mo. 539; *Paige v. Stubbs*, 39 Iowa, 537; Weeks on Attorneys, sect. 275; *Hawley v. Cramer*, 4 Cowen, 717; *Beardsly v. Root*, 11 Johns. Rep. 464; *Werdell v. Van Renselar*, 1 John. Ch. 344), where a *cestui que trust* has no title. *Price v. Evans*, 26 Mo. 31.

Frederick A. Wind, for the respondent: As Mr. Gottschalk agreed to buy the property at the first sale, advance the necessary funds, and re-convey upon being reimbursed, he became the trustee of the plaintiff. *Kelly v. Johnson*, 28 Mo. 249. A trustee will not be permitted to deal with the property for his own benefit; he can not purchase an outstanding title and hold it for his own use against his *cestui que trust*, even though such purchase is at a judicial sale and under a title superior to that conveyed to him as trustee. *Roberts v. Moseley*, 64 Mo. 507. The purchase at the second sale, and the money paid for that purpose, constituted an advance by attorney and trustee. *Roberts v. Mosley*, 64 Mo. 507; *Hubbell v. Midbury*, 53 N. Y. 98; *Terrett v. Cronsbie*, 6 Lansing, 83; *Sypher v. McHenry*, 18 Iowa, 232; *Baker v. Railroad*, 86 Mo. 75.

Thompson, J., delivered the opinion of the court.

This suit is brought as a suit in equity, for the purpose of having the defendant declared the trustee for the plaintiff, in respect of a certain piece of real property described in the petition, to compel a conveyance of the property from the defendant to the plaintiff, and for an accounting with him of the rents and profits during the time of his holding the legal title. The court entered a decree in favor of the plaintiff, awarding her the

relief demanded, and directing a reference tor the purpose of taking and stating an account, and ascertaining the amount due the plaintiff from the defendant, in respect of rents and profits, after reimbursing the defendant for his outlays and services. Upon the referee's report, the court made a final decree, divesting the title to the property out of the defendant and vesting it in the plaintiff, and awarding the plaintiff a judgment against the defendant in the sum of $810.80, and costs. From this judgment the defendant prosecutes this appeal. The correctness of the conclusion of the referee, and of so much of the final decree as merely embodies those conclusions, is not questioned on this appeal; but the objections made to the decree are directed against the conclusion of the court, that the defendant was a trustee for the plaintiff in respect of the property, and that, as such, he was at all bound to account to and re-convey.

The court, laying out of view all matters which were controverted upon the evidence, made a special finding of facts, which, though not required by the rule of practice, is admitted by counsel for both parties to be a substantially correct deduction from the evidence; and we find, from an examination of the evidence, that it is not only a correct deduction from the testimony of the witnesses, but that the facts thus found are substantially admitted by the defendant in his answer. These facts (adding some that were not stated by the trial court) substantially were, that the defendant was an attorney at law, and, as such, was retained by the plaintiff to foreclose a deed of trust upon the property in controversy, in which deed the plaintiff was the beneficiary; that, before the sale under this deed of trust, the defendant agreed with the plaintiff that he would bid the property in, take a deed therefor in his own name, and hold the legal title for the plaintiff until he should be reimbursed for his advances and legal services in the premises; that he accordingly bid the property in at the trustee's sale and received a deed for the same, the trustee conveying

the property to him in his own name, and without any trust being expressed on the face of the deed ; that the advances and expenses of the defendant, incident to the sale, were fifty dollars, which sum was expressed as the consideration of the deed ; that, shortly prior to the sale, the defendant learned that there was an earlier encumbrance on the property, held by another person against his client, and that a sale was advertised thereunder to occur soon after the first mentioned sale ; that, after the defendant had bought the property at the first sale, he notified the plaintiff of the impending second sale, and informed her that she must purchase the property at such second sale, or that he would be obliged to do so to protect his advances ; that if he did so, it would be for his own account and benefit ; that the plaintiff thereupon endeavored to procure money to purchase the property at the second sale, but was unable to do so ; that, at such second sale, the defendant bought the property in for himself for four hundred and sixty dollars, and thereafter claimed the title adversely to the plaintiff, and collected the rents of the property for himself.    There was also evidence from which a fair deduction would be that the property was worth two thousand dollars.

Upon the clearest principles, the circuit court was right in its conclusions that, upon these facts, the defendant holds the legal title to the property as trustee for the plaintiff ; that, after being reimbursed for his advances and services, he is bound, upon her request, to convey the title to her ; and that he is also bound to account to her for any rents and profits which he has received from the property while so holding the legal title, in excess of his advances, disbursements, and the reasonable value of his services.    There was no evidence fixing the length of time during which the defendant agreed to hold the legal title for the plaintiff, upon buying the property in for her at the first foreclosure sale. Upon this point the defendant, in his answer, admits

"that he agreed to hold said premises under said purchase, for said plaintiff, until she would reimburse him for the money he had laid out, and pay him for his services, in this and other legal proceedings." His own testimony shows that she owed him but a trifling amount for services in other legal proceedings—perhaps ten dollars. There is, therefore, no question whatever, upon the pleadings and evidence, that, at the time when the defendant became the purchaser of the property under the second foreclosure sale, the relation of attorney and client, or, at least, of trustee and *cestui que trust*, subsisted between him and the plaintiff. This relation the defendant was not at liberty to dissolve, merely because his client was *in extremis*. He had, indeed, the right to buy the property in at the second sale, for the purpose of protecting his interest therein; but this was the extent of his right. He could not go beyond this and speculate on the misfortunes of his client. "A court of equity will never permit a trustee, without the knowledge and consent of his *cestui que trust*, to speculate out of his trust, or to retain any gain which may have accrued to him personally therefrom, but will subject his conduct to a rigid scrutiny, and will compel him to account to his *cestui que trust* for all profits which he may make out of the trust relation." *Bent v. Priest*, 10 Mo. App. 543, 557, and numerous cases there cited; s. c., affirmed, 86 Mo. 475. "He can not purchase an outstanding title and hold it to his own use against his *cestui que trust*, and it makes no difference in his favor that he purchase, as in the case at bar, at a judicial sale, under a superior title to that conveyed to him as trustee." *Roberts v. Moseley*, 64 Mo. 507, 511; *Baker v. Railroad*, 86 Mo. 75, 78; *McAllen v. Woodcock*, 60 Mo. 174; *Lass v. Sternberg*, 50 Mo. 124. Equity will allow to a trustee, thus purchasing, compensation for his advances, his disbursements, and also for the reasonable value of his services, where he has not acted *ex maleficio*. This the decree of

the court has done in the present case, and, under the pleadings and the evidence, it is all that the defendant can claim.

The point that the pleadings made one issue, and the cause was tried upon another issue, was not made at the trial by objection to any class of evidence which was tendered; nor is it well taken. The conclusion of the court, that the defendant was bound to convey and account as a trustee, is supportable upon the admissions of the answer alone.

With the concurrence of Judge Rombauer, the judgment will be affirmed. Judge Lewis is absent.