## 55

Caelo Larissa
vs.
Ebenezer Tiffany, Treasurer

No. 41563

December 28, 1917

TANNER, P. J. This is an action brought by a husband against a town to recover for loss of the society and services of his wife and for expenses due to an accident to her because of a defect in the highway. The case is heard upon demurrer which raises the question of whether under the statutes of this state a husband can recover against a town for loss of services, &c., of his wife.

There is a difference of authorities upon this question. The right of recovery has been limited in several states because of the wording of the statutes. In Massachusetts it has been decided that only injury to tangible personal property is subject to recovery. This conclusion was reached in Massachusetts because the original statutes specified injury to the person, or to the horse, team or other property, the Court holding that such specification of tangible property indicated the intent of the Legislature that recovery should be thus limited. The early statutes of this state, however, in specifying the extent of recovery employed the same terms as are now in use, to wit: injury to the personal property.

We think, however, that we should give to the words "injury to the personal property" the full meaning to which those words are entitled. We think the recent case of Bullowa vs. Gladding, Advance Sheets, p. 147, is authority for so doing. The Court there construes the words damages to personal estate. We believe the words "personal estate" are synonymous with the words "personal property."

In the case of Baker, Admr. vs. Crandall, 78 Mo. 524, cited in Bullowa vs. Gladding, the words of the statute "wrongs done the property, rights or interests of another" are substantially the same as in our Statute. The Court construes the words "damage to personal estate" and holds them to include not only wrongs by injury to specific articles of personal property but extends them to other wrongs by which the personal property is injured or diminished in value. We think there can be no doubt under the decisions that the loss of services of a wife and expenses incurred in healing her injuries are a damage to the personal property or estate of the husband, and under the authority of Bullowa vs. Gladding the words "damage to personal property" should be given their fullest meaning.

The demurrer is therefore overruled.

For plaintiff: Herbert Almy and C. H. McKenna.

For defendant: H. A. Clason.