Clark *v.* Cable.

———◦◦◦◦◦———

CLARK, Plaintiff in Error, *vs.* CABLE & BOFINGER, Defendants in Error.

| 21 | 223 |
|---|---|
| 33a | 488 |
| 21 | 223 |
| 35a | 197 |
| 21 | 223 |
| 50a | 661 |
| 21 | 223 |
| 60a | 252 |
| 21 | 223 |
| 64a | 109 |
| 21 | 223 |
| 82a | 396 |

1. A., party of the one part, contracted in writing to sell to B. & C., parties of the other part, thirteen-sixteenths of a boat, in consideration of which, B. & C. agreed to pay a specified sum. A subsequent clause in the agreement provided that B. was to take an interest of nine-sixteenths, for which he was to give his own notes secured, and C. an interest of four-sixteenths, for which he was in like manner to give his notes. A. agreed to save B. & C. harmless from all liens and incumbrances upon the boat. *Held*, the contract was joint and not several, and after it was repudiated by B. could not be enforced against A. by C.

## Error to St. Louis Circuit Court.

Action for the breach of a contract for the sale of a boat.

The petition stated that the defendant, George W. Cable, by an agreement between him, as party of the first part, and the plaintiff and defendant, Bofinger, as parties of the second part, sold to the latter thirteen-sixteenths of the steamboat L. M. Kennett, then on her way from New Orleans to St. Louis, in consideration of which said plaintiff and Bofinger agreed to pay him $26,000 ; that it was further provided in said agreement that the plaintiff took an interest of nine-sixteenths, for which he was to pay one-third in cash, and the balance in equal

payments at three, six, nine and twelve months, with interest, for which he was to give his endorsed notes, secured by mortgage and insurance on the boat, and Bofinger took an interest of four-sixteenths, to be paid for by him in like manner ; that the defendant, Cable, agreed to pay and keep harmless the said plaintiff and Bofinger from all debts, dues and demands against said boat, accruing prior to their receiving possession ; that after the arrival of the boat at St. Louis, Bofinger having repudiated the purchase, so far as he was concerned, the plaintiff proposed to comply with his part of the agreement, and requested Cable to transfer and deliver to him nine-sixteenths of said boat, and also offered to take the four-sixteenths which Bofinger had agreed to purchase, on the same terms ; but that the defendant, Cable, refused to transfer and deliver to the plaintiff either the nine or the thirteen-sixteenths of said boat. The petition further alleged that Bofinger refused to join as plaintiff, for which reason he was made a defendant. The plaintiff claimed damages for the breach of the contract. A demurrer to this petition was sustained by the Circuit Court, and the case is brought to this court by writ of error.

*M. L. Gray*, for plaintiff in error. 1. The contract was several, not joint. Not only did Clark and Bofinger take a separate and distinct interest in the boat, but each gave his separate notes for the interest purchased by him. (1 Chitty's Pl. 11. 1 Saund. 153, note 1. 11 Mo. Rep. 414. *Thomas v. Pym,* 4 Bibb, 420. *Trustees of Perryville* v. *Letcher,* 1 Monroe, 13. *Ludlow* v. *McCrea,* 1 Wend. 231. *Ernst* v. *Bartle,* 1 Johns. Cases, 327. *Walker* v. *Webber,* 3 Fairf. 60. *Blakey* v. *Blakey,* 2 Dana, 460.) 2. If Bofinger was not properly made a defendant, the suit may be dismissed as to him under the new practice act, and besides, it may be doubted whether that is a ground of demurrer by Cable.

*J. A. Kasson,* for defendants in error. 1. The contract was an entire one for the sale of thirteen-sixteenths of the boat, and the repudiation by Bofinger nullified the whole contract,

and discharged Cable. ( *Chambers* v. *Griffiths*, 1 Esp. 150.;) 2. There was a misjoinder of defendants. Bofinger had no interest in the suit adverse to plaintiff, (Prac. act of 1849, art. 3, § 6, 7,) and no judgment was asked against him.

SCOTT, Judge, delivered the opinion of the court.

There is nothing in the present practice act which affects the law of joint contracts. That act deals only with the mode of procedure, and does not affect the law of contracts, as it existed prior to its enactment. If, therefore, an obligation is executed to two jointly, they must both sue upon it. One of the joint obligees, without the concurrence of the other, cannot maintain an action upon a joint contract. Unless both agree, there can be no action upon it. The repudiation of the contract by one of them discharges the obligor. One of two joint obligees can release a joint obligation. It is an infirmity attached to the contract from its nature. The co-obligee cannot complain, as it was his own act to enter into a contract with another, who would have the right to control it. This rule of law, therefore, cannot be affected, nor the obligor deprived of the benefit of it by bringing suit in the name of one joint obligee, and making the other a defendant. The offer or willingness of one joint obligee to perform the contract on the part of all the obligees, does not vary the matter. The contract, as made by the obligor, is a joint one, and one obligee against his consent cannot make it a several obligation. The obligor cannot be subjected to two suits for one cause of action by several obligees. What becomes of the interest of that obligee who is made defendant? Will he, a defendant, recover damages as though he was plaintiff, when he has refused to join? Will the plaintiff only recover his portion of the damages? Suppose that the obligee who is made defendant says in his answer that he refused to join at the time suit was brought, because he was not ready with his proof, and could not be, when the cause would be tried. What would be done then? These and many other difficulties beset us in attempting this new way of bringing

suits upon joint undertakings. (Slingsby's case, 5 Coke, 19.) The words of the contract show that it was joint. The plaintiff, together with Bofinger, is called the party of the first part, and the defendant is termed the party of the second part. Thirteen-sixteenths of the boat are conveyed jointly, and the promise to pay the consideration is a joint one, and the covenant against incumbrances is a joint one, and it is inserted after that part of the deed which, it is alleged, made it several. So the contract is joint in the beginning of it, and it is joint in the conclusion of it. Can any doubt exist that by the terms of the contract the plaintiff and Bofinger were ultimate sureties for each other to the full amount of the consideration agreed to be paid? So much of the contract which relates to the part of the boat to be taken by each of the purchasers, and the mode of its payment, is an arrangement between the purchasers themselves, sanctioned, it is true, by the vendor, (the defendant,) not affecting the other provisions of the contract. If it is complied with, the obligation will be discharged; but in the event of its non-fulfillment, the vendor is remitted to the general terms of the contract. There is nothing in this portion of the contract which is inconsistent with the idea that the sale is a joint one. It is a rule of interpretation that subsequent words shall not defeat precedent ones, if by construction they may stand together. But where there are two clauses in a deed, of which the latter is contradictory to the former, there the former shall stand. The portion of the agreement relied upon as showing that it is several, is consistent with the other clauses of it, and they together make a whole contract, giving effect to all its parts, while the opposite construction takes away all effect from the most of its clauses. The words relied on, too, by the plaintiff are subsequent to those which make the agreement a joint one. No one will doubt but that the vendees might have jointly sued the vendor for refusing to convey the entire portion sold to them. This action is conceived on this supposition. Now, although a contract may be made in a way that the obligee may bring suit upon it at his election against the

obligors, either jointly or severally, yet a contract cannot be made in such a way as that the obligees may, at their election, join or not. As to them, it is either joint or it is several ; it cannot be regarded as both joint and several. If it is joint, all must sue ; if it is several, it cannot be sued on jointly. As this action is conceived in the idea that Bofinger might have joined as plaintiff, it cannot, at the same time, be several, so that each vendee may have his action upon it. This is clear law. (Slingsby's case, 5 Coke, 19.) This much is said as to this action in its present form. But, from what has been stated, we are of the opinion that the agreement to purchase is a joint one, and one party cannot maintain an action upon it in whatever way he may sue.

The other judges concurring, the judgment will be affirmed.