RAINEY, Appellant, v. SMIZER & GRIMM, Respondents.

1. In a suit to recover damages for the breach of a written contract entered into with two persons, both must join as parties plaintiff. The fifth section of the second article of the practice act is inapplicable to such a case. (R. C. 1855, p. 1218.)

*Appeal from St. Louis Law Commissioner's Court.*

George Smizer entered into a contract with James C. Rainey and Jacob Grimm, of which the following are the substantial provisions: "Whereas Joseph Probeck contracted to do certain mill-wrighting for the undersigned, George Smizer, and whereas he, the said Joseph Probeck, has failed, leaving the work unfinished, &c., we, James C. Rainey and Jacob Grimm, agree and by these presents bind and oblige ourselves to do all the unfinished mill-wrighting on said mill and distillery, to have all things pertaining thereto, of the work now unfinished, in complete running order, &c., &c., for which the said Smizer is to pay to the said Rainey and Grimm the sum of $270, also $105 due the said Rainey for mill-writing done for Joseph Probeck on said mill, which sum the said Smizer assumes the immediate payment of.  *  *  * It is understood that the said Smizer is to furnish all the material for said work, and he (the said Smizer) is to retain fifty per cent. of said payment, as per contract, as security for completion of said work, and that he (the said Smizer) agrees to pay the additional amount of fifty per cent., if the amount due is not paid upon completion of said work."

The present suit is brought by Rainey alone to recover the sum of one hundred and five dollars, alleged to be due the plaintiff under the contract, and the further sum of forty-five dollars, alleged to be one-half the value of the work done under the contract. Grimm was made a defendant for the reason, as stated in the petition, that he had refused to become a party plaintiff and had confederated with plaintiff to hinder and delay plaintiff from recovering his demand.

The court instructed the jury that the plaintiff was not entitled to recover.

*C. C. Simmons*, for appellant.

*C. G. Mauro* and *Gardner*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

If it is conceded that by the contract between the parties Smizer was bound to pay the plaintiff, immediately upon the commencement of the work the sum of one hundred and five dollars, the amount due the plaintiff for services performed in building the mill under a contract with Probeck, yet that sum constituted but a part of the consideration of the contract. The refusal of Smizer to comply with his contract with the plaintiff and Grimm did not give a right to them to sue and recover the price of the work as though it had been actually done. This is not like the case where a servant or agent is employed for a stated period and is afterwards wrongfully turned away. The contractors were entitled to the damages they could show they had sustained by reason of the defendant Smizer's having prevented the performance of the contract on their part. The one hundred and five dollars was a part of the consideration, and no reason is seen why it should be recovered more than any other portion of it. It can make no difference that the sum was originally due to the plaintiff from another person for work done on the same mill.

If Smizer has violated his contract in preventing the plaintiffs from doing the work they had undertaken, he is liable to an action; but that action could only be brought in the joint names of Rainy and Grimm, the contractors. That provision of the practice act, which allows a party to be made a defendant when he will not join as a plaintiff, has nothing to do with this question. That was a rule of equity practice which was necessarily incorporated into a system which abolished all distinction of actions. In adopting it, it was not designed that it should have any operation but in cases where

it was applicable under the former system of practice. It was never intended that it should affect the rights of parties arising out of written contracts. Nothing is better settled than the rule that on an undertaking to two, both must join in an action on it; otherwise there is no cause of action. It is a part of the contract that both shall sue, otherwise no action shall be brought. If one will say that he has no right of action and will not sue, why should he not have as much weight as the other who says there is a cause of action? But if one sues and the other will not, what shall be recovered, the whole or only half of the demand? Is the contract to be divided? Shall one recover the half at one time and in one action, and the other a half at another time in a separate action? Suppose that one sues, and the other will not join because he is waiting for evidence which he knows can not be had in time for the trial, and is defeated, will the other lose his remedy? If one sues and recovers and the other is defeated, what an anomaly will be presented! A judgment for one plaintiff on a contract and a judgment against the other; which of the two judgments will prevail, or will both stand? These are some of the difficulties that must be encountered in maintaining that one of several obligees may maintain an action upon the obligation. This point was decided in the case of Cable v. Clarke, 21 Mo. 223.

The judgment will be affirmed; the other judges concur.