HENRY, *Appellant*, v. MOUNT PLEASANT TOWNSHIP OF BATES COUNTY.

**Joint Contract**: PARTY TO SUIT: DISCHARGE OF OBLIGATION. One of two obligees in a joint contract cannot sue upon the contract alone. Payment in full by the obligor to one of the joint obligees, discharges the obligation.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*A. Henry pro se.*, cited Wag. Stat., §§ 2, 4, p. 1001; *Boston, &c., R. R. v. Portland, &c., R. R.*, 119 Mass. 498; *N. Y. Dry Dock Co. v. Treadwell*, 19 Wend. 525; 1 Chitty, (15 Am. Ed.) p. 9, note 2; *Beach v. Hotchkiss*, 2 Conn. 697; *Stedman v. Shelton*, 1 Ala. 86.

*E. J. Smith* and *Holcomb & Biggs* for respondent, cited Parsons on Contracts, (3 Ed.) vol. 1, pp. 25, 26; vol. 2, pp. 127, 128, 129; *Morrow v. Starke*, 4 J. J. Marsh. 367; *Clark v. Cable*, 21 Mo. 223.

NORTON, J.—This suit was instituted in the circuit court of Bates county upon the following agreement by plaintiff, one of the obligees therein, viz:

" This article of agreement, made and entered into this 18th day of April, 1873, by and between Thomas W. Childs, as supervisor of Mount Pleasant township, in the county of Bates, and State of Missouri, and for and on behalf of said township, party of the first part, and Charles C. Bassett and Antony Henry, of the county of Bates aforesaid, parties of the second part: Witnesseth, That the said party of the first part, as supervisor as aforesaid, and for and on behalf of the said Mount Pleasant township, and in compliance with a certain resolution of the inhabitants of said township, made and adopted at the regular annual meeting of the said township, on the 1st day of April, A. D. 1873, has employed the said parties of the second part to appear in and defend against four certain actions, which have been brought in the United States circuit court for the western district of Missouri, at Jefferson City, against the said Bates county, to recover the amount due on certain coupons attached to certain bonds made by the said Bates county, on behalf of said Mount Pleasant township to the Lexington, Lake & Gulf Railroad Company, and in all and any matters to defend against the collection of the amount due on the said bonds, and at all times to appear and defend against any or all actions which may be brought thereon. The said party of the first part, as supervisor as aforesaid, and on behalf of the said township, hereby agrees and obligates the said township to pay unto the said parties of the second part the sum of seven thousand dollars ($7,000), when the said actions, or each or either of them, or any other action or actions which may be brought on said bonds, are finally determined in the court or courts of last resort, and final judgment is entered in any of said courts in favor of the defendants, in which the validity and legal existence of the said bonds is determined. The amount of said fee to be then and at that time levied from the said Mount Pleasant township. And the said parties of the second part hereby agree and bind themselves to appear for the defendant in said actions,

or any other action or actions which may be brought for the enforcement of the collection of said bonds, and to perform and do all such things, or any thing which may be necessary and proper, for the purpose of defending the collection of the said bonds or coupons thereto attached. It is understood herein that the said counsel are to determine whether it is advisable to take the said cases to the Supreme Court of the United States, if there should be a decision in the court below adverse to the said county.

"Witness our hands and seals the day and year aforesaid.

"THOMAS W. CHILDS, [SEAL.]
"Supervisor of Mount Pleasant Township, Bates County.
                    "C. C. BASSETT,          [SEAL.]
                    "A. HENRY."                [SEAL.]

The petition, after alleging that defendant was a corporate body and the due execution of the contract by defendant, and by said plaintiff acting for himself, and said Bassett acting for himself, further alleges that said plaintiff and Bassett had defended against the collection of said bonds and interest, and had obtained the judgment of the Supreme Court of the United States declaring said bonds void in the case of *Harshman v. Bates County*, decided April, 1876. It is further alleged that afterwards, on the 29th day of May, 1876, the said Bassett combined and colluded with defendant to cheat and defraud plaintiff out of his fee of $3,500, and in furtherance of said purpose, the township board of directors, on said day, entered into a separate contract with said Bassett by which they agreed to settle with said Bassett separately upon the contract sued upon, and that they did then make a separate settlement with said Bassett, and issue its warrant to him upon the treasurer of said township, for the sum of $7,000; that before said warrant was issued it was agreed between the board and Bassett that said board would settle separately with Bassett and pay him the sum of $7,000 in satisfaction of said obligation, and that said board would then

assume that said payment to and settlement with Bassett would release defendant from any obligation on said contract to plaintiff. It is also alleged that said Bassett agreed and obligated himself in said settlement to save said township harmless on account of the payment to him of the said $7,000. It is also alleged that said Bassett is not made a party because of said fraudulent combination and separate settlement. It is also alleged that plaintiff, after learning that defendant, through its township board, had separately settled with said Bassett, requested said board of directors to meet and issue to him a warrant for the sum of $3,500, and cancel the warrant issued to Bassett, which he alleges had not then been paid; that although said board met and were notified by plaintiff that said fraudulent settlement made with Bassett would not discharge the debt due plaintiff from said township, they refused either to issue a warrant to plaintiff for $3,500, or to cancel the warrant issued to Bassett.

To this petition a demurrer was filed by defendant, which was sustained, and plaintiff declining to amend, the court entered judgment for defendant, from which the plaintiff has appealed.

The grounds of the demurrer are, that the contract sued upon is a joint contract, and that the suit is prosecuted by one only of the joint contractors; also, that full payment having been made to one of the obligees in satisfaction of the obligation, defendant is discharged from further liability. Both these points are well taken and sustained by the authorities. The petition, on its face, shows the contract sued upon to be a joint contract. Notwithstanding the averment that plaintiff signed the contract acting for himself, and that Bassett signed it acting for himself, the fact remains that their undertaking to defend was joint, and the promise to pay for such defense was to them jointly. A contract with several persons for the payment to them of a sum of money, is a joint contract with all, and all the payees therein have a joint interest, so that no

one can sue alone for his proportion. 1 Parsons on Con., p. 13. " If an obligation is executed to two jointly, they must both sue upon it. One of the joint obligees, without the concurrence of the other, cannot maintain an action upon a joint contract; unless both agree there can be no action upon it. The repudiation of the contract by one of them discharges the obligor. One of two joint obligees can release a joint obligation. It is an infirmity attached to the contract from its nature. The co-obligee cannot complain, as it was his own act to enter into a contract with another who would have the right to control it. *Clark v. Cable*, 21 Mo. 225. The authorities quoted establish the propositions that one of two or more obligees in a joint contract cannot sue alone, and that payment in full by the obligor to one of the joint obligees, discharges the obligation and is a complete satisfaction of it.

The petition of plaintiff shows that the contract upon which he alone sues, is a joint contract, and also shows that full payment of the sum of money agreed to be paid to the plaintiff and Bassett, joint obligees, had been made to Bassett, and it, therefore, follows that the demurrer was properly sustained. The cases to which we have been cited as establishing the doctrine that when one is liable to two or more on a joint contract, and settles with either for his part of the claim, the remaining promisee may sue without joining the other, on the ground that such a settlement is to be regarded as a severance of the cause of action do not apply to the case as made in plaintiff's petition. The settlement and payment made to Bassett was not of a part but the whole amount of the claim, and satisfied the obligation not only as to Bassett but also as to plaintiff. Judgment affirmed, in which all concur.