ALBERT OHNSORG, Administrator, *et al.*, Respondents, v. THOMAS T. TURNER, Trustee, *et al.*, Appellants.

St. Louis Court of Appeals, January 22, 1889.

Injunction Bond: DAMAGES : PARTIES. A motion to assess damages on an injunction bond must be joined in by all the obligees, or good cause must be shown for the non-joinder of such as are omitted.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*A. & J. F. Lee,* for the appellants.

If the motion of defendant was filed in time, the judgment of the circuit court must be reversed. If it was not, the judgment must be affirmed, and the defendants below left without any remedy for the damages they have suffered by the issuance of the injunction, since the supreme court of the state has decided that there can be no recovery against the sureties on an injunction bond until the damages shall have been adjudged against the plaintiff on the dissolution of the injunction. *Dorriss v. Carter,* 67 Mo. 544; *Nolan v. Johns,* 27 Mo. App. 502. There is no requirement in the statute as to the time in which the motion for assessment must be filed. As no time is fixed by law for the filing of a motion, this court will not enact a law on the subject; but even if it should believe a time should be appointed within which the motion should be filed, though none is named by the law-makers, it would certainly declare it would be sufficient if the motion were filed within a reasonable time after the cause of action upon which the motion is based accrues, and the circuit court is officially informed by the filing of the mandate of this court as to what it should do. A cause of action does not accrue, in a case like the present, before the petition is dismissed in the appellate court. *Cohn v. Lehman,* 93 Mo. 584.

*Fred. Gottschalk,* for the respondents.

The injunction bond is given to several parties and a suit thereon is a joint action by all of the obligees; one of them, B. M. Million, is not made a party herein. The second motion was filed on March 10, 1887, when the cause had been determined in the supreme court on November 30, 1885. *Loehner v. Hill,* 19 Mo. App. 142; R. S. sec. 2712. The action of the circuit court was proper; it is immaterial what ground it assigned for its judgment.

THOMPSON, J., delivered the opinion of the court.

This is an appeal from an order overruling a motion to assess damages on an injunction bond. The question which has been principally argued is, whether the motion was filed in time ; but we think we need not consider this question because there is another insuperable difficulty in the way of sustaining the motion, or rather in the way of our saying that the circuit judge committed error. One of the defendants in the injunction suit, to indemnify whom the bond purports on its face to have been given, was Brainard M. Million, and he is not joined with the other movants. Under our system of procedure, where an obligation is made to several persons jointly, all the obligees must join in an action to enforce it. *Clerk v. Cable*, 20 Mo. 223 ; *Rainey v. Smizer*, 28 Mo. 310 ; *Henry v. Mt. Pleasant*, 70 Mo. 500 ; *Ryan v. Riddle*, 78 Mo. 521. We cannot doubt that this principle applies to a case like the present, where some of the defendants in an injunction suit come back into court, after the term has lapsed at which the final decree, was rendered, and present a motion to assess damages on the injunction bond. All must join, or at least some good cause must be shown for the nonjoinder of those who do not join, and no such cause is shown by anything in the record before us.

The judgment will accordingly be affirmed. Judge ROMBAUER concurs. Judge BIGGS, not having been a member of the court when this cause was argued, takes no part in the decision.