ANNIE McLARAN, Respondent, v. GEORGE WILHELM *et al.*, Appellants.

St. Louis Court of Appeals, October 25, 1892.

1. **Practice, Trial**: RECOVERY BY ONE OF SEVERAL JOINT OBLIGEES. There can be no recovery of a judgment by one of several obligees on a joint cause of action which he had in common with the others.

2. **Practice, Appellate**; PRESUMPTIONS. Where the record shows that evidence was offered at the trial of a cause, but does not disclose what the evidence was, it must be presumed that the evidence supported the cause of action pleaded, and not that it was in direct contravention of the pleading.

3. **Practice, Trial**: DEATH OF ONE OF SEVERAL PLAINTIFFS: DISMISSAL. If one of several parties plaintiff in a cause dies, a dismissal of the cause as to him after his death is illegal, when it does not appear that the dismissal was made at the instance of some one representing his interest.

4. ———: VACATION OF JUDGMENT DURING TERM: REVIEW OF ACTION OF TRIAL COURT ON APPEAL. The trial court may, for good cause shown, vacate its judgment at any time during the term at which it

was rendered. A motion therefor need not be filed within four days. The refusal of the trial court to exercise a sound discretion in this regard may be reviewed on appeal.

5. **Effect of Vacation of Final Judgment upon Prior Interlocutory Judgment.** The vacation of a final judgment upon an inquiry of damages will not affect a prior interlocutory judgment by default, when it is due to error intervening after and not affecting the latter judgment.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Lubke & Muench,* for appellants.

(1) The action was joint, by two joint contracting obligees. The record shows that the judgment upon this petition is in favor of but one obligee. This is a fatal error or irregularity, which renders the judgment assailable by defendants. *Ohnsorg v. Turner,* 33 Mo. App. 488; *Clark v. Cable,* 21 Mo. 223; *Rainey v. Smizer,* 28 Mo. 310; *Henry v. Mt. Pleasant Twp.,* 70 Mo. 500; *Ryan v. Riddle,* 78 Mo. 521. (2) The judgment can be vacated at any time during the term, when rendered on proper motion, which need not be filed within the limit of four days after judgment. *Rankin v. Lawton,* 17 Mo. App. 574; *Nelson v. Ghiselin,* 17 Mo. App. 663. This is not a question as to what may have been the rights of plaintiffs *inter se,* with respect to the supposed rental accruing under the contract, because the action is one not for occupation, but distinctly on the joint contract. But, even if it were an action for occupation, the husband would have been the proper party to prosecute the action, he being the party into whose exclusive possession the law places the wife's general real estate. *Ellis v. Railroad,* 63 Mo. 131; *Whalen v. Becker,* 44 Mo. App. 290; *Gray v. Dryden,* 79 Mo. 108.

*P. Taylor Bryan*, for respondent.

(1) The motion in arrest of judgment was filed too late. R. S. 1889, sec. 2243; *Rhorer v. Brokhage*, 15 Mo. App. 16. (2) The consent of the defendant is not necessary to validate an order of dismissal as to plaintiffs, and the action of the court in dismissing the case as to Charles McLaran, and striking out his name, was not improper. R. S. 1889, sec. 2096; *Weil v. Simmons*, 66 Mo. 617; *Mueller v. Kaessmann*, 84 Mo. 318–330; *Kehoe v. Phillipi*, 42 Mo. App. 293; *Bank v. Gilpin*, 105 Mo. 17; *McClanahan v. West*, 100 Mo. 309. (3) Even if the petition does allege an action in Charles McLaran and Annie McLaran jointly, yet if the evidence showed a right of action in Annie McLaran solely, it was the duty of the trial court to enter judgment in accordance with such evidence. R. S. 1889, secs. 2098, 2100, 2113, 2209, 2216; *Cruchon v. Brown*, 57 Mo. 38; *Kehoe v. Phillipi*, 42 Mo. App. 293; *Pettingill v. Jones*, 21 Mo. App. 210. (4) The evidence offered at the trial of a cause is not a part of the record proper, and whether or not the judgment is in accordance with the evidence, is a question which cannot be considered when passing on a motion in arrest or a motion to vacate a judgment. See cases cited under second point of this brief. (5) There being no bill of exceptions, and, therefore, no evidence before the court which can be considered, it will be presumed that the action of the trial court was proper. *Kennedy v. McNichols*, 29 Mo. App. 11, and cases cited. (6) While a trial court has control of its judgments during the term at which they are rendered, yet its action with reference thereto is large discretionary, and certainly cannot be reviewed on an appeal, except for errors of record. *Nelson v. Ghiselin*, 17 Mo. App. 663. See also cases cited under second point of this brief.

This is particularly true with reference to the trial court's action in refusing to set aside a judgment by default. *Jones v. Ins. Co.*, 55 Mo. 345; *Burck v. St. Louis Exposition*, 28 Mo. App. 629.

ROMBAUER, P. J.—The record proper in this cause shows the following facts: Charles McLaran and Annie McLaran, his wife, filed a petition in the circuit court, in which they stated that they had a joint cause of action against the defendants for the recovery of $350, being the semi-annual rent reserved to them by a written agreement between themselves and said defendants. The defendants were served with summons to appear at the December term, 1891, and failed to appear. On the eleventh of December, an interlocutory judgment by default was entered against them. On the twenty-second day of that month, on motion of Annie McLaran, the cause was dismissed as to her coplaintiff, Charles McLaran, and an inquiry of damages was had, which resulted in a judgment in favor of the remaining plaintiff in the sum of $359.85, which judgment under the allegations of the petition is admittedly excessive to the amount of at least $3.28. At the same term at which the judgment was rendered, the defendants appealed, and they now challenge the judgment as unwarranted by the record.

The judgment, being properly challenged, cannot stand. There can be no recovery of a judgment by one of several obligees on a joint cause of action which he had in common with others. *Clark v. Cable*, 21 Mo. 223; *Rainey v. Smizer*, 28 Mo. 310; *Ryan v. Riddle*, 78 Mo. 521; *Ohnsorg v. Turner*, 33 Mo. App. 486. The plaintiff contends that we should presume in support of the judgment that testimony has been offered upon the inquiry of damages showing a several cause of action in the plaintiff, Annie McLaran, but such a pre-

sumption is not legally admissible. There can be no aider by verdict, where a fact essential to plaintiff's recovery is wholly omitted from the petition. Where the record shows that evidence had been offered, and is silent on the fact what such evidence was, we must presume that evidence was offered in support of the petition, and not that it was offered in direct contravention thereof. The fact that the judgment is admittedly excessive furnishes an additional warrant for its reversal in a case like this, where no considerations of reaching substantial justice demand the concession of a *remittitur*.

So far we have treated the question as determined by the record proper. It appears, however, in this case, by affidavits filed in the trial court upon a motion to vacate the judgment, that Charles McLaran, one of the co-obligees and original plaintiffs, had died some time prior to the entry of final judgment against the defendants. This motion was accompanied by an affidavit of merits.

The plaintiff contends that this motion and affidavit are not before us, because the motion to vacate the judgment was not filed within four days after trial and judgment, although filed within the term. This contention is untenable. The motion was presented during the term when the court had power to vacate its judgment, and its refusal to do so, in the exercise of a sound judicial discretion, is subject to review on appeal. What we said on that subject in *Nelson v. Ghiselin*, 17 Mo. App. 663, is still the law, subject to certain limitations introduced by the statutes since that cause was decided. What transpired upon the hearing of the motion might be preserved by bill of exceptions, and was so preserved in this case. The fact that Charles McLaran had died prior to the rendition of the final judgment, and that the defendants had a meritorious

defense, was shown upon the hearing of that motion, and furnished an additional reason for vacating the final judgment, and the trial court erred in refusing to do so.

If Charles McLaran was, in fact, dead when the cause was dismissed as to him, that dismissal goes for naught, as it does not appear that that action was had at the instance of anyone representing his interest, and that entry will necessarily have to be vacated. After the plaintiff's petition is amended, if it needs such amendment, or after the representative of Charles McLaran is brought in, if it should be deemed necessary to bring in his representative, the defendants may move to set aside the judgment of default. The vacation of the final judment does not vacate the preliminary judgment by default. *Gilstrap v. Felts*, 50 Mo. 428.

The judgment is reversed and the cause remanded. All the judges concur.