WILLIAM J. WHITE, Respondent, v. G. A. DYER, Appellant.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Cause of Action, Joint:** OBLIGEES: MUST SUE ALL. The rule is well settled that all joint obligees must be made parties to an action arising upon a common demand.

2. ———: ———: AGAINST WEIGHT OF EVIDENCE. The lower court misconceived the evidentiary force of the admissions made by plaintiff when testifying in his own behalf, and there was no substantial evidence that plaintiff did extra work, entitling him to recovery.

Appeal from the St. Louis City Circuit Court.

REVERSED AND REMANDED.

*John B. Dempsey* for appellant.

(1) Where an obligation is made to two parties jointly, they can not separate the liability and bring an action in favor of each. Dewey v. Carey, 60 Mo. 224. One of two obligees in a joint contract can not sue alone upon the contract. Henry v. Mt. Pleasant Tp., 70 Mo. 500; Thieman v. Goodnight, 17 Mo. App. 429; McLaren v. Wilhelm, 50 Mo. App. 658. (2) The plaintiff might have proceeded under the statute, section 1994, Revised Statutes 1889. He could have made Sachse a party defendant upon his refusal to join with him. 2 Bates on Partnership, sec. 1027. (3) A very casual examination of the account filed, and the written contract in evidence and adopted and sued upon by the plaintiff, will show that he has charged as extra work items which are unequivocally covered by the contract. Notably the ash pit, for which he demands $20 as extra work; "cementing fire walls, $6," extra work; a charge of $8.50 for two iron doors—the plaintiff did not pay for these—the contract provides they (all iron and

lumber) shall be furnished by defendant; "chimney topping, $22.50," charge for as extra.

*Dodge & Mulvihill* for respondent.

The question whether or not the respondent and appellant were joint contractors or partners in the work done, was a question of fact settled by the lower court, and this court will not review such finding. The judgment is for the right party. Smith v. Zimmerman, 51 Mo. App. 519. The case is one where this court can affirm with damages under Reber v. Railroad, 38 Mo. App. 646.

BOND, J.—This is an appeal by defendant from a judgment against him for work and labor performed on certain houses. The case was tried by the court, upon a waiver of a jury, and the only question presented is, whether there is any substantial evidence to support the verdict. Defendant insists that the entire evidence shows that a contract for the work in question was made by him with plaintiff and one Sachse as joint contractors or partners, and that as said Sachse was not joined or made a party to the present action, the court should have found for defendant. The decision of this question involves an examination of the material evidence adduced on the trial and a determination of its probative effect. Plaintiff, the only witness on his own behalf, testified that the work in question was begun on the third of January, 1898, and finished on the twenty-eighth day of February following; that he and one Sachse were jointly interested in the work, and a few days after it was begun a contract therefor was signed by Sachse & Company and by defendant; that before the full completion of the work he notified defendant that Sachse was no longer his partner; that during the progress of the work under said contract he (plaintiff) performed extra work; that Sachse personally assisted very little in the performance of the work,

but caused his brother to assist in the work for two days; that all of the remainder of the work done under the contract as well as that which was extra, was done by plaintiff himself; that $121 has been paid by defendant, and that all receipts given for payments during the course of the work were either signed Sachse & Company, or White & Sachse, and that plaintiff himself indorsed a check payable to Sachse & Company on February 21, 1898, and also signed receipts in that name after his notification to defendant that the partnership was ended. Plaintiff expressly admitted that he informed defendant that he, plaintiff, was the partner of Sachse and had undertaken the work in that way.   The evidence shows that the account in suit embraces certain work provided for under the contract signed by Sachse & Company, and also items of charge for extra work claimed to have been performed by plaintiff during the time he was working under the contract.

If there was any substantial evidence that plaintiff did extra work, which he claims to have performed contemporaneously with that done under the contract himself and Sachse, under a personal agreement with defendant, still there could be no recovery in the present action for the balance claimed to be due under the joint contract   But we have been unable to find in this record any substantial evidence that any portion of the work sued for by plaintiff was done and performed by virtue of a contract, express or implied, with him as an individual.   The rule is well settled that all joint obligees must be made parties to an action arising upon a common demand.   R. S. 1889, sec. 1994; McLaren v. Wilhelm, 50 Mo. App. 658; Henry v. Mount Pleasant Tp., Bates Co., 70 Mo. 500; Dewey v. Carey, 60 Mo. 224.   Our conclusion is that the learned circuit judge misconceived the evidentiary force of the admissions made by plaintiff when testifying in his own behalf.   The judgment is therefore reversed and the cause remanded that plaintiff may amend his statement, if he is so advised.   All concur.