E. FANNIE BUTLER, Respondent, v. E. R. BOYN-TON, Appellant.

Kansas City Court of Appeals, March 5, 1906.

1. **CONTRACTS: Joint Interests: Parties.** At common law if there was a non-joinder of the parties plaintiff in an action, the consequences were serious, since the defendant might demur or could plead the non-joinder in abatement or take advantage thereof under the general issue or move in arrest, or take a writ of error; and this rule prevails in Missouri, since there can be no recovery by one of several obligees on a joint cause of action had in common with others.

2. **TORTS: Non-Joinder: Parties: Pleading.** In an action for trespass to real estate by a husband and wife, the petition averred that the "plaintiffs are the owners of the property." *Held*, proof of a several interest was as competent as that of a joint interest; and while several owners of divisible interests are ordinarily required to join in an action for damages resulting from a joint injury, the consequences of non-joinder even at common law are never serious, since the defendant waives the matter by failing to raise the point in abatement, and this rule applies to tenants in common to recover damages for joint injury to land owned by them. Actions in replevin and conversion distinguished.

3. **TRESPASS: Husband and Wife: Departure: Parties: Waiver.** A husband and wife brought an action for injury to their real estate averring that they were the owners thereof. Subse-

quently the husband was dismissed without objection by the defendant. *Held*, even under the hypothesis that the husband was a part owner, such as a tenant in common, the proceeding with the action on behalf of the wife was no departure from the cause of action pleaded, and the defendant's failure to object to the dismissal waived that matter and deprived him of the right to take advantage of the defect in parties plaintiff.

4. ———: ———: **Joint Right: No Interest.** The above rule assumes that the husband was a part owner of the land and not necessarily a part owner of a joint right or that he had no interest in the cause of action.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover*, Judge.

AFFIRMED.

*O. E. Robinson* and *H. H. McCluer* for appellant.

(1) The petition is not sufficient to support the judgment. McLaran v. Whilhelm, 50 Mo. App. 661; Slaughter v. Davenport, 151 Mo. 26-33; Clark v. Cable, 21 Mo. 223; Ryan v. Riddle, 78 Mo. 521; Rainey v. Smizer, 28 Mo. 310. (2) The judgment is not supported by the record. Authorities under point one. (3) The petition did not state a cause of action in favor of E. Fannie Butler, but one in favor of the two plaintiffs jointly, and a recovery should not have been permitted on any other than a joint cause of action and that could not have been done as one of the interested parties had been dismissed. And all interested parties were under the statute necessary.

*Ward, Hadley & Neel* for respondent.

(1) There was no defect in the parties plaintiff in this case. Jones v. Railway, 86 Mo. App. 134. (2) If there was it was waived by appellant. Edmonson v. Phillips, 73 Mo. 57; Bensieck v. Cook, 110 Mo. 173; Shockley v. Fisher, 21 Mo. App. 557; Mills v. Carthage, 31 Mo. App. 141. (3) The case of McLaran v. Wilhelm,

50 Mo. App. 661, is not in point. Arising *ex contractu* it is distinguished from a case arising *ex delicto* as the case at bar. Pittinger v. Jones, 21 Mo. App. 211; Slaughter v. Davenport, 151 Mo. 26; Andrews' Stephen's Pleading (2 Ed.), secs. 37, 42; R. S. 1899, art. VI, chap. 8; Alford v. Dewin, 1 Nev. 207; 22 Ency. Pl. and Pr. (last ed.), pp. 563, 566. (4) The dismissal as to J. G. Butler was proper. Pittinger v. Jones, 21 Mo. App. 211; R. S. 1899, sec. 657; Alford v. Dewin, 1 Nev. 207; Slaughter v. Davenport, 151 Mo. 26. (5) The judgment was properly rendered in favor of E. Fannie Butler. R. S. 1899, sec. 767; Pittinger v. Jones, 21 Mo. App. 211; Slaughter v. Davenport, 151 Mo. 26. (6) There was no variance between the allegations of the petition and proof, or the allegations of the petition and the judgment. Fruin v. Furniture Co., 20 Mo. App. 313; Horse Co. v. Bennett & Son, 22 Mo. App. 338. (7) If there was any, it was waived by appellant. Horse Co. v. Bennett, 52 Mo. App. 333; Golden v. Clinton, 54 Mo. App. 100. (8) Every presumption will be indulged in support of the judgment below. Halsey v. Meinrath, 54 Mo. App. 336; Pembrooke v. Railway, 32 Mo. App. 62; State ex rel. v. County Court, 51 Mo. 529; Hathaway v. Railway, 94 Mo. App. 350.

JOHNSON, J.—Plaintiffs alleged in their petition that "they are now and at all times hereinafter mentioned were husband and wife and owners of" certain lots of land in Kansas City . . . that defendant Boynton "negligently placed in the alley in the rear of plaintiffs' said property a large amount of stone, dirt, manure and rubbish, which changed the grade of said alley, rendered the same impassable, prevented access from along said alley . . . and constituted such an obstruction . . . as to cause surface water to be collected . . . and deposited upon plaintiffs' property." Damages were laid at $1,500. The city was made a party defendant, but was dismissed at plaintiffs' request during the progress of

the trial. Defendant Boynton's answer was a general denial. At the trial, the action was dismissed as to the husband plaintiff, J. G. Butler, and thereafter continued in the name of E. Fannie Butler as sole plaintiff. The verdict was for plaintiff in the sum of $775. A remittitur in the sum of $375 was then made by plaintiff and judgment thereupon entered for $400. Defendant filed motions for a new trial and in arrest of judgment, which were overruled, and defendant appealed. No bill of exceptions was filed and the case is before us on the record proper. No objection was made by defendant to the dismissal of the husband plaintiff and it does not appear upon what ground that order was made.

The sole reason upon which defendant seeks a reversal of the judgment is that the record shows on its face that the judgment necessarily was found upon an entirely different cause of action from that alleged in the petition. The premise assumed by defendant as the predicate for this conclusion is that the petition in alleging that husband and wife were the owners of the land asserted a joint right of action, while the judgment is based upon a right belonging to the wife alone.

In actions on contract, where several are jointly interested in the cause, all must be made parties to the action. The common law rule is thus stated in Andrews' Stephen's pleading, section 21, "if there is a non-joinder of one who should be a party plaintiff in an action in form *ex contractu,* the consequences at common law were serious, for the defendant, if it appeared on the face of the pleading, might demur, or if the action were upon a deed he could *crave oyer* of the deed and then demur; or he could plead the non-joinder in abatement; or it could be taken advantage of under the general issue; or if the record and evidence made the non-joinder appear to the court, the defendant might after verdict move in arrest of judgment, or the same might be taken advantage of upon a writ of error."

117 App.—30

The rule thus stated has been followed in this State. [McLaran v. Wilhelm, 50 Mo. App. 658; Slaughter v. Davenport, 151 Mo. 26; Clark v. Cable, 21 Mo. 223; Ryan v. Riddle, 78 Mo. 521; Rainey v. Smizer, 28 Mo. 310.] In the Slaughter case the Supreme Court held that to amend the complaint alleging a cause of action founded upon a joint contract, by substituting one upon a several contract, completely changes the cause of action and is not permissible. In the case of McLaran v. Wilhelm, supra, an action arising *ex contractu,* the St. Louis Court of Appeals said: "There can be no recovery of a judgment by one of several obligees on a joint cause of action which he had in common with others." And in' this class of cases, the weight of opinion supports the view that the omission or dismissal from the action of one or more joint obligees is fatal to a recovery and may be taken advantage of by the defendant, even after verdict.

But the cause of action pleaded in the petition is not upon contract, but in tort, and there is nothing in the averments of that pleading that fixes the relation of the two plaintiffs with respect to their ownership of the land and, therefore, no allegation of a joint right of action. Under the statement that "plaintiffs are the owners" of the property, it would have been just as competent to have introduced proof showing that each plaintiff owned a several interest in the land as it would have been to have proven a joint estate vested in both. And while the several owners of divisible interests—such as tenants in common— ordinarily are required to join in an action for the recovery of damages resulting from a joint injury, the consequences of a non-joinder even at common law were never serious. Defendant was deemed to have waived the objection and cured the defect by failing to raise the point by plea in abatement. So it was held by Judge SCOTT in Chouteau v. Hewitt, 10 Mo. l. c. 135, who said; "This being an action *ex delicto,* and as the non-joinder of the plaintiffs who were omitted

could only be taken advantage of by plea in abatement, it being clear that one of several partners of a chattel may sue and recover, unless the action is defeated by plea in abatement," etc.

The rule is the same as to actions by tenants in common to recover damages for a joint injury to the land owned by them. [Andrews' Stephen's Pleading, sec. 25, et seq.; Chitty on Pleadings (16 Ed.), 74, et seq.; Bullock v. Hayward, 10 Allen 460; Sherman v. Iron Co., 2 Allen 524; True v. Congdon, 44 N. H. 48; Cooper v. Railway, 49 N. H. 209; Bigelow v. Rising, 42 Vt. 678; Alford v. Dewin, 1 Nevada 207; Gilhert v. Dickerson, 7 Wend. 449; Wheelwright v. Depeyster, 1 Johns. 471; Johnson v. Richardson, 17 Ill. 302.]

Evidently defendant had been misled by an exception to the rule announced by Judge SCOTT in the foregoing quotation from his opinion. The exception relates to actions for the replevin of chattels and analogous actions for the recovery of damages for the conversion of chattels and was first declared in this State in Smoot v. Wathen, 8 Mo. 522, where the doctrine appears to have been borrowed from Hart v. Fitzgerald, 2 Mass. 510. It has become firmly established in this State. [Seay v. Sanders, 88 Mo. App. 478; Upham v. Allen, 76 Mo. App. 206; Little v. Harrington, 71 Mo. 390.] And it is based upon a very sound reason peculiar to actions in their nature *in rem* and which is very clearly stated in this extract from the opinion in Hart v. Fitzgerald, supra:

"In replevin which is founded on property, the chattel is to be delivered to the plaintiff, as well as damages to be recovered. This chattel is not capable in law of severance and the whole or none of it can be delivered to the plaintiff; and, if it be delivered to the plaintiff, being but a part owner, he must receive an undivided part, in which he claims no property. In replevin, also, we do not recollect any case in which a part owner can sue for his undivided part only. If property in him and another

be pleaded in abatement, such plea cannot be confessed and avoided by any matter which the plaintiff can reply to it. These are very strong distinctions between the principles applying to actions of trespass and of the case for an injury done to chattels, in which damages only are demanded, and actions of replevin, in which the property said to be unjustly taken and detained is to be delivered to the plaintiff."

In the same opinion the general rule applicable to actions in trespass and of the case is recognized in this language:

"But if there are several part owners of a chattel, and an injury be done it, regularly all the part owners ought to join in an action to recover damages for that injury. In this case, although an injury be done to each part owner, yet they ought to join, to prevent the defendant from being harassed by a multiplicity of suits. As the rule is established for the defendant's benefit, he may waive this benefit, by not taking exception in abatement; and he cannot take advantage of the irregularity under the general issue."

In the posture of the case before us, we must make every reasonable intendment in favor of the judgment and the regularity of the proceedings leading up to it and under the very comprehensive scope of the statements in the petition that plaintiffs "are the owners" of the property, we find support for proof of a joint cause of action for the enforcement of several rights as distinguished from a joint action for the enforcement of single right jointly owned by several persons. Reasoning from the principles just considered, the dismissal of the husband, even under the hypothesis that he was part owner such as a tenant in common, and proceeding with the action on behalf of the remaining plaintiff was no departure from the cause of action pleaded and, though defendant was entitled to have all the owners of the cause remain in the action, his failure to object to the dismissal of the husband waived the objection and deprived

him of any right to take advantage of the defect in the parties plaintiff, he says is apparent upon the face of the whole record.

What we have said follows the assumption that the husband, as stated in the petition, was a part owner of the land, but not necessarily a part owner of a joint right. If he was dismissed from the suit because it developed at the trial that he had no interest in the cause of action, the rule we have followed would still apply and would be greatly aided by the liberal provisions of section 657, Revised Statutes 1899.

The judgment is affirmed. All concur.