## JULIA A. TOWNSEND, Respondent, v. CLARENCE ROOF, Appellant.

Springfield Court of Appeals, January 14, 1922.

1. **CONTRACTS: Whether Contract is "Joint" or "Several" Depends on Intention as Shown by Language.** Whether a contract is joint, that is, one by which two or more promisors are jointly bound to fulfill its obligations and either of whom may be charged with the entire liability to the contract, or one by which two or more obligors are given a joint right, or is a several contract in which the liability of each promisor is individual and separate, or whether it is both joint and several, is to be determined from the intention of the parties as manifested by the language used.

2. **MASTER AND SERVANT: Contract Held Joint.** A contract by two men to perform labor in raising a crop on the land of another in return for a specified acreage of crop raised, is a joint and not a several contract.

3. **CONTRACTS: One of Several Joint Obligors Cannot Alone Enforce Contract.** Revised Statutes 1919, section 2155, providing that all contracts which by the common law are joint only, shall be construed to be joint and several, does not permit one joint obligor to sue separately for breach, or prohibit him from disposing of whole interest in the contract.

4. ————: **One Joint Obligee can Discharge Whole Contract.** One of several joint obligees to a contract can discharge the whole contract.

5. **DISMISSAL AND NONSUIT: Suit by Joint Obligees Cannot be Maintained After Dismissal as to One.** A suit by two joint obligees for breach of the contract cannot be maintained by the personal representative of one of them after it has been voluntarily dismissed as to the other.

Appeal from Dunklin County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

Reversed.

*Ward & Reeves* for appellant.

(1)    All the evidence in this case, both for plaintiffs and defendant, admits and concedes the plaintiffs did not fully perform the contract sued upon. There can therefore be no recovery in this suit for a breach of contract, and the verdict should have been directed for defendant as requested. Full performance was pleaded, but non-performance was admitted by the testimony. Eyerman v. Mt. Sinai Cem. Ass'n., 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Lewis v. Slack, 27 Mo. App. 119; Halpin v. Manny, 33 Mo. App. 388; Warson v. McElroy, 33 Mo. App. 553; Hayes v. Bunch, 91 Mo. App. 467.    (2)    In this case if plaintiffs have any cause of action it is on *quantum meruit,* because, according to plaintiff's own testimony, they did not fully comply with the terms of the contract pleaded and proved; but since they have sued on a special contract, plaintiffs cannot recover on a *quantum meruit.*    Davis v. Drew, 132 Mo. App. 305; El Paso Milling Co. v. Davis, 194 Mo. App. 1; Quigley v. King, 182 Mo. App. 196; Reifschneider v. Beck, 148 Mo. App. 725; Cole v. Armour, 154 Mo. 333; Koons v. St. Louis Car Co., 203 Mo. 227; Green v. Cole, 127 Mo. 587; Michael v. Kennedy, 166 Mo. App. 462;

Shoemaker v. Johnson et al., 200 Mo. App. 209; Nave v. Dieckman, 208 S. W. (Mo. App.) 273. (3) The case having been dismissed as to Robert Townsend, one of the joint contractors, and non-compliance with the contract for personal services being admitted by the plaintiff's evidence, and there being no evidence of the value of the services rendered, the verdict and judgment for Julia A. Townsend cannot stand. St. Joseph Hay Co. v. Brewster, 195 S. W. (Mo. App.) 72; Skinner v. Young, 106 Mo. App. 617; Eyerman v. Cem. Ass'n., 61 Mo. 489; Yeats v. Ballentine, 56 Mo. 530. (4) Whether Nathan Townsend and Robert Townsend may be considered as partners or not, they are, under the averments of the petition and plaintiffs' evidence, joint obligees, and the surviving widow (who stands in the shoes of Nathan Townsend) and Robert Townsend are both necessary parties plaintiff. Since plaintiffs at the close of all the evidence dismissed Robert Townsend from the suit, the cause could not legally proceed to a verdict and judgment in favor of Julia A. Townsend. This amounted to a change or substitution of the cause of action. O'Rourke v. Kelley, The Printer Corp., 156 Mo. App. 95; Frumberg v. Haderlein, 167 Mo. App. 717; Ellis v. Railroad, 130 Mo. App. 221; McLaran v. Wilhelm, 50 Mo. App. 658; 9 Cyc., 703-705. (5) This suit was on a joint contract made by Nathan Townsend and Robert Townsend jointly with defendant Roof. A party cannot sue on a joint contract and recover on a several one, and proof of a several contract will not sustain a petition declaring on a joint one. Reifschneider v. Beck, 148 Mo. App. 737; Butler v. Boynton, 117 Mo. App. 462; 9 Cyc., 703-705. (6) It is elemental that one joint obligee or one partner cannot recover alone for his portion of the joint debt or claim. Anable v. Land Co., 144 Mo. App. 303; Frumberg v. Haderlein, 167 Mo. App. 717; White v. Dyer, 81 Mo. App. 643; McLaran v. Wilhelm, 50 Mo. App. 658; Thieman v. Goodnight, 17 Mo. App. 429; Henry v. Mt. Pleasant Township, 70 Mo. 500; Ryan v. Riddle, 78 Mo. 521; 9 Cyc., 703-705.

*Corbett & Stiles* for respondent.

(1) The defendant in his other assignments of error makes numerous complaints, which are all to the same effect, but none of them materially affecting the merits of the action, and in such case, if the judgment is for the right party is should be affirmed. R. S. 1919, sec. 1513; Freeland v. Williamson, 220 Mo. 217; Stumpe v. Kopp, 201 Mo. 412; Mann v. Doerr, 222 Mo. 1; Cross v. Gould, 131 Mo. App. 585. (2) A judgment will not be reversed where the right result was reached, though the records shows that the proceeds were irregular and perhaps erroneous. Woody v. Railway, 104 Mo. App. 678; Peterson v. Transit Co., 199 Mo. 331.

BRADLEY, J.—Plaintiffs sued in the Pemiscot County circuit court to recover on a contract.. The venue was changed to Dunklin County where trial was had before the court and a jury, and resulted in a verdict and judgment in favor of plaintiff, Julia A. Townsend, in the sum of $300. From this judgment defendant appealed.

Plaintiffs allege that Julia A. Townsend is the widow of Nathan Townsend, deceased, and that the probate court of Pemiscot County had granted her letters of refusal upon her husband's estate by which letters she was authorized to sue for, collect and retain for herself any debt due her deceased husband. For cause of action it is alleged that in the spring of 1917, and before crop planting, plaintiff, Robert Townsend, and Nathan Townsend made a contract with defendant whereby it was agreed that Robert Townsend and his two minor brothers would work for defendant during the crop season of 1917, and until defendant's crops were laid by, and that for said work defendant agreed to give the said Robert Townsend and Nathan Townsend eleven acres of cotton in the field and on defendant's farm, and that defendant agreed to measure and set off said cotton at picking

time in 1917, and in whatever part of defendant's cotton field that plaintiffs might select. Plaintiffs allege full compliance with said contract on the part of the Townsends, but say that defendant breached the contract in that he failed to measure and set off said cotton at cotton picking time, and refused to do so, and claimed ownership thereto. Plaintiffs allege that the eleven acres of cotton were of the value of $1100, and prayed judgment in that sum.

Defendant answered by a general denial, and avers that in the spring of 1917 he made a contract with Robert Townsend only, whereby Robert and Nathan's family were to work for him until the crop was laid by, and for which they were to receive ten acres of cotton; that Nathan Townsend was an old man and unable to work, but that the contract was made with his knowledge and consent, that work was commenced under the contract for ten acres, but was changed so that Robert was to have eight acres of cotton and two acres of corn, instead of ten acres of cotton; that later and before the crop was laid by Robert and the minors quit and refused to further carry out the contract, and that he was forced to hire hands in their stead and paid out $100 to finish the work that Robert had agreed to do. Defendant further alleges that thereafter Robert was sued for road taxes, that judgment was rendered, and the eight acres of cotton levied on and sold to satisfy the judgment, and that he, defendant, purchased said cotton at the execution sale. Defendant further alleges that during the summer Robert Townsend gave defendant a mortgage on this property to secure a note given by Robert to defendant, and that default was made in the payment of the note and that defendant foreclosed the mortgage, and obtained whatever title Robert had that was not obtained under the execution sale. The reply was a general denial.

At the close of the case plaintiffs dismissed as to Robert Townsend, and the cause was submitted to the jury in the name of Julia A. Townsend only.

Defendant makes four assignments: First, that his request for a directed verdict should have been given; second, that error was committed in giving plaintiff's instructions; third, that an instruction offered by him was erroneously refused, and, fourth, that the verdict of the jury is excessive.

As we view this cause plaintiff cannot recover in this action and it is, therefore, unnecessary to consider any assignment except the first one. Defendant presents the first assignment upon several grounds, but the main one is that if the contract was joint on the part of Nathan and Robert Townsend, then plaintiff cannot recover. It may be conceded that Robert Townsend disposed of whatever interest he had in the eight acres of cotton claimed. Robert gave a mortgage on eight acres of cotton and two acres of corn. This mortgage was foreclosed, and if Robert conveyed by the mortgage the entire interest of the Townsends in the eight acres then there was nothing left for which to sue except three acres of cotton. This is on the theory that the contract was for eleven acres as the jury found. Was the contract between Nathan and Robert Townsend, on the one hand, and defendant on the other, a joint contract? A joint contract is one by which two or more promisors are jointly bound to fulfill its obligations and either of whom may. be charged with the entire liability under the contract, or such contract may be one by which two or more obligors are given a joint right. [2 Elliott on Contracts, sec. 1470.] Continuing this author says: "Several contract is the antonym of joint obligation. In the former the liability of each promisor is individual and separate, and is co-extensive only with that fraction of the entire obligation assumed by him, or it may be that each severally undertakes the entire liability and remains separately responsible without reference to the liability of his copromisors. A joint and several contract combines the elements found in the two groups just mentioned. When the contract is joint and several its obligations are imposed upon each promisor individually and upon all the

promisors jointly, and the promisee may elect to sue the parties liable separately on their several engagements or together on their joint undertaking.'' Elliott in section 1471, further says that the general rule is that if the contract made by several persons purports simply to bind themselves or to covenant without more, the obligation or covenant is taken to be joint only and not several; if the contract purports that they bind themselves or covenant severally, the liability is separate; if they purport to bind themselves jointly and severally or to bind themselves and each of them, or to covenant for themselves and each of them, using both joint and several words, the liability is both joint and several. Whether a contract is joint or several, or joint and several depends on the construction of the language used, and the *intention* of the parties as manifested by the language used must be followed. [13 C. J. 577.] The observations, supra, are general propositions; which no one controverts. Can it be said with any support that the contract between the Townsends and defendant is in any sense several in its nature? We think not. Suppose that the Townsends had decided that they would not carry out the contract and had abandoned the place, and that by reason of such breach defendant's land had lain idle to his damage. Could defendant have recovered the whole of his damage from either of the Townsends? We think that under the contract there would be no doubt but that defendant could so recover. [13 C. J. 577.] If so, then the contract was joint. Robert Townsend did not agree to perform so much of the obligation, and be responsible for so much in case of a breach on the part of the Townsends or either of them. Neither did Nathan Townsend make such an agreement. But *they* agreed to perform the *whole* obligation. Under our statute, section 2155 Revised Statutes 1919, it is provided that all contracts which by the common law are joint only shall be construed to be joint and several. But this statute has never been construed so as to permit one joint obligor to sue separately for a breach, nor has said section been con-

strued so as to prohibit one joint obligor or obligee from disposing of the *whole* interest in the contract.

Section 2155, Revised Statutes 1919, has been a part of our statute law without change of consequence since Missouri was admitted as a State, and all of the decisions on the subject presumably have been rendered with this statute in view. In Clark v. Cable, 21 Mo. 223, the facts appear in the syllabus thus: "A., party of the one part, contracted in writing to sell to B. & C., parties of the other part, thirteen-sixteenths of a boat, in consideration of which, B. & C. agreed to pay a specified sum. A subsequent clause in the agreement provided that B. was to take an interest of nine-sixteenths, for which he was to give his own notes secured, and C. an interest of four-sixteenths, for which he was in like manner to give his notes. A. agreed to save B. & C. harmless from all liens and incumbrances upon the boat. Held, the contract was joint and not several, and after it was repudiated by B. could not be enforced against A. by C." In disposing of the issue there it is said: "There is nothing in the present practice act which affects the law of joint contracts. The act deals only with the mode of procedure, and does not affect the law of contracts, as it existed prior to its enactment. If, therefore, an obligation is executed to two jointly, they must both sue upon it. One of the joint obligees, without the concurrence of the other, cannot maintain an action upon it. The repudiation of the contract by one of them discharges the obligor. One of two joint obligees can release a joint obligation. It is an infirmity attached to the contract from its nature. The co-obligee cannot complain, as it was his own act to enter into a contract with another who would have the right to control it."

The holding in Clark v. Cable, supra, is followed in a great many subsequent cases. [Rainey v. Smizer, 28 Mo. 310; Ryan v. Riddle, 78 Mo. 521; White v. Dyer, 81 Mo. App. 643; Slaughter v. Davenport, 151 Mo. 26, 51 S. W. 471; Henry v. Mt. Pleasant Township, 70 Mo. 500; Anable v. Land Co., 144 Mo. App. 303, — S. W. —; Frum-

berg v. Haderlein, 167 Mo. App. 717, — S. W. —; Mc-Laren v. Wilhelm et al., 50 Mo. App. 658; Thieman et al. v. Goodnight, 17 Mo. App. 429.]

It was specifically held in Henry v. Mount Pleasant Township, supra, that one of the joint obligees to a contract could release and discharge the whole contract. This is the settled rule in this State; therefore, when Robert Townsend mortgaged the eight acres of cotton, and that mortgage was foreclosed, the entire interest of the Townsends in the eight acres of cotton went to the purchaser at the mortgagee's sale. If defendant's version of the contract had been found to be correct, then the sale under the mortgage would have disposed of the entire interest of the Townsends; but if plaintiffs' version be correct then there would be three acres of cotton which defendant took that belonged to the Townsends provided the contract was fully performed. Defendant strenuously urges that the contract was not fully performed, but since this cause must be reversed without remanding we do not deem it necessary to determine the question of performance. After Robert Townsend was dismissed as a party plaintiff the cause could not then legally proceed in the name of Julia A. Townsend, who stands in the shoes of one of the joint obligors, hence no recovery can be had in this cause.

The judgment below must be reversed, and it is so ordered. *Cox, P. J.*, and *Farrington, J.*, concur.