BAGNELL TIMBER COMPANY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Division One, May 31, 1913.

1. **LIEN: Notice: Repetition: Self-Serving Testimony.** Testimony by plaintiff's attorney, who prepared the lien claim and notice as for a sale of ties to a tie company, that when he presented the notice in that form to plaintiff's officers they objected to it, and though he filed it in that form he afterwards went to plaintiff's office, ascertained the facts, prepared

a new notice showing a sale to said tie company and to defendant railroad company as purchasers, and had it served on both, is not so self-serving as to be incompetent, since it would be manifestly unfair to plaintiff to permit defendant to use the first notice to show no joint liability was claimed against the railroad company, without permitting it to show the second notice was made for the purpose of rectifying the first.

2. **STARE DECISIS.** Where a case was tried in accordance with the law as declared on a former appeal, and the same result was reached, the judgment will be affirmed.

Appeal from Pettis Circuit Court.—*Hon. Hopkins B. Shain*, Judge.

AFFIRMED.

*Lee W. Hagerman* and *Montgomery & Montgomery* for appellant.

(1) The second lien notice introduced by plaintiff was not admissible because it was a self-serving document made by plaintiff contradicting a former written admission relating to the very issue of fact on trial. Pearsall v. McCartney, 28 Ala. 110; Taylor v. Brown, 4 Atl. (Md.) 888; Edwards v. Osman, 19 S. W. (Tex.) 868; Roberts v. Tennell, 3 T. B. Mon. (Ky.) 249; Clark v. Huffaker's Adm., 26 Mo. 269. (2) There was no evidence that the railway company purchased the ties of the plaintiff. Hence defendant's demurrer to plaintiff's evidence should have been sustained. (3) Plaintiff's instruction numbered one was erroneous, because misleading. It practically amounted to a peremptory instruction to find for plaintiff. (4) Plaintiff's instruction numbered two was erroneous and misleading to the jury. It was in effect a peremptory instruction to find for the plaintiff. (5) Plaintiff's instruction numbered 3 was erroneous because it submitted to the jury a mixed question of law and fact, viz : the question of who was the purchaser of the ties from plaintiff under the contract between the plaintiff, Graham & Miller and the railway company.

To determine that issue the jury must first find what the contract was and then they must construe it and decide whether the railway company is liable hereunder or not. A mixed question of law and fact should not be submitted to a jury. Jordan v. Hannibal, 87 Mo. 677. (6) Under all the evidence the court should have given defendant's peremptory instruction at the close of all the evidence because there was no evidence from which it might reasonably be inferred that the railway company agreed to pay the plaintiff for the ties. (7) There was no evidence that the defendants, Graham & Miller, had any authority to contract for the purchase of the ties as the railway company's agents, and no evidence that the plaintiff dealt with Graham & Miller as agents for the railway company, but it affirmatively appears that the plaintiff knew that Graham & Miller were agents for the railway company and that plaintiff so dealt with them.

*J. H. Bothwell* and *Charles E. Yeater* for respondent.

(1) Appellant's points to the effect that the trial court should have given a peremptory instruction at the close of the plaintiff's evidence and also at the close of the whole case, have been expressly ruled against it on the same facts set forth in the bill of exceptions stenographed in the first trial, and read on the second and third trials, and such ruling is therefore *res adjudicata*. Bagnell Timber Co. v. Railroad, 242 Mo. 19. (2) Plaintiff's instructions 1 and 2 of which appellant complains, are word for word the same as the declarations of law at issue in the second appeal, except the formal change in the introductory words to the ordinary form customary in jury instructions; and furthermore the same principles incorporated in plaintiff's instructions 1 and 2 are embodied by appellant in its instructions 2, 3 and 4, and appellant cannot change its theory in this court, nor repu-

diate the law announced by this court, in the second decision, which appellant adopted below. Bagnell Timber Co. v Railroad, 242 Mo. 16. (3) Appellant's criticism of the concluding words of plaintiff's instruction 3 reading: "And the court further instructs the jury that they should come to their determination on such question of who was the purchaser of such railroad ties by a full consideration of all the facts and circumstances in evidence," is exceedingly hypercritical and sophistical, and wholly without merit; and, moreover, the appellant itself used almost the same words, on the same exact issue, in its given instruction 3 to the jury; and such clause in the instructions of both parties must of course be taken and read with all the other instructions in the case. (4) The law does not require a direct promise, or any kind of a promise whatever, when a price is agreed on and the contract of sale becomes executed by delivery to the purchaser. Southwestern F. & C. P. Co. v. Standard, 44 Mo. 83; Frazier v. Railroad, 104 Mo. App. 358; Southwestern F. & C. P. Co. v. Plant, 45 Mo. 519; Cunningham v. Ashbrook, 20 Mo 553; Glenny v. Hickens, 4 How. Prac. 98; Nance v. Metcalf, 19 Mo. App. 188; Martin v. Ashland Mill Co., 49 Mo. App. 29; Glass v. Blazer Bros., 91 Mo. App. 564; State v. Wingfield, 115 Mo. 436; Whitman Agl. Assn. v. Nat. Railway Assn., 45 Mo. App. 90; Stresonit v. Kestling, 63 Mo. App. 62; Tiedeman on Sales, sec. 247; Baker on Sales, sec. 283; Meachem on Sales, secs. 1, 1406, 1407. (5) Relative to the claim that the second lien notice of October 26, 1899, was inadmissible, a written admission against interest may be shown to have been a mistake of the party, or his attorney, and where a defendant has introduced a written document as an admission of plaintiff, the latter may introduce his subsequent writing on the same subject in rebuttal as corrective and explanatory of the first writing. Blair v. Marks, 27 Mo. 585; Duncan v. Matney, 29 Mo. 377;

Frazier v. Ins. Co., 161 Mo. App. 716; Warfield v. Lindell, 32 Mo. 287; Allen v. Leonard, 82 Mass. 202; Wild v. B. & L. Assn., 60 Mo. App. 200; Bernstein v. Fullers Ex. Co., 137 N. Y. Supp. 910; Lexow v. Belding, 76 N. Y. Supp. 602; Gordon v. Munn, 125 Pac. 1; Mahon v. Rankin, 102 Pac. 608; Morgan v. United States, 169 Fed. 251; Limerick v. Lee, 87 Pac. 859; Queatham v. Modern Woodmen, 148 Mo. App. 43; Lucks v. Bank, 148 Mo. App. 382. (6) The second notice of the lien served October 26, 1899, was a claim of indebtedness for the ties to the railway company and was thus proper evidence as a demand to start interest on a sale such as this resting mainly in parol, and such notice was a legal demand when made. Sec. 7179, R. S. 1909; Williams v. Railroad, 153 Mo. 548; Van Riper v. Morten, 61 Mo. App. 440.

## STATEMENT BY THE COURT.

This suit was brought against the defendant railroad company and the firm of Graham & Miller to recover a balance of $5422.50, alleged to be due under a joint contract made by said defendants with plaintiff for railroad ties delivered to defendant railroad company, for which the plaintiff prayed judgment and also for a lien therefor upon the roadbed and track belonging to the defendant. Process was not served upon the firm of Graham & Miller, and the cause was dismissed as to them. The answer of the railroad company denied that it had any contract with plaintiff for the purchase of these ties, either jointly or severally; and averred that its co-defendants, Graham & Miller, were its general tie contractors and that they had entered into the contract with plaintiff—the detailed terms and conditions of which it did not know and with which it had no concern; that it paid to its said co-defendants the purchase price of the ties delivered to it by them. Issue was joined by reply, and the case was tried upon an agreed statement of facts

and upon oral testimony. This stipulation while not denying the correctness of the sum claimed to be due as a balance by plaintiff on account of ties delivered to defendant railroad company and used by it, expressly recited that nothing therein contained should be construed as an admission concerning the nature of the contract or as to who were the parties to the contract under which said ties were furnished and delivered by plaintiff, and left the rights of the parties to be determined under the issues joined by the pleadings and the evidence respectively adduced by them.

Upon the trial, the circuit court rendered a judgment against the defendant and adjudged it to be a lien upon the property described in plaintiff's petition, from which it appealed to this court. On the hearing of said appeal, it was ruled that plaintiff was not entitled to any lien, inasmuch as the ties in question were not used upon any part of the line of defendant railroad lying or situated within the State. It was further ruled that under the allegations of a joint contract on the part of defendants contained in plaintiff's petition it was not entitled to a personal judgment against the defendant railroad, for the reason that there was no proof in the record that the defendant railroad and its co-defendants had entered into the joint contract sued upon; and the cause was reversed and remanded. [Bagnell Timber Co. v. Railroad Co., 180 Mo. 420.]

Upon the second trial in the circuit court, the defendant had judgment, from which plaintiff appealed to this court. On the hearing of that appeal this court receded from the view expressed in its former opinion as to the necessity of proving the contract between plaintiff and the two defendants to be a joint one in order to entitle plaintiff to recover under its petition in this case, and held that a recovery might be had in this suit if the jury should find from the evidence that plaintiff made the contract to sell the ties in question

with the defendant, either jointly or severally, and that the record afforded evidence for the submission of that issue to the jury; and the cause was remanded to be tried in conformity.    [Bagnell Timber Co. v. Railroad, 242 Mo. 11.]    When it was again tried, plaintiff had a personal judgment against defendant, from which the present appeal has been prosecuted, where the errors assigned relate to the admission of evidence and to the giving of instructions on behalf of plaintiff and to the sufficiency of the evidence to show a contract of purchase between the plaintiff and defendant.

## OPINION.

BOND, J. (after stating the facts as above).

I. There is no merit in the contention that the record fails to show any evidence tending to prove that the contract for the sale of the ties was made between the plaintiff and defendant. The record on that subject is exactly as it was when the case was last here, when it was ruled that it afforded ample evidence on which to submit that issue to the jury.    This assignment of error is, therefore, ruled against appellant.

**Stare Decisis.**

II. It is next insisted that the instructions given by the trial court were erroneous.    It is a sufficient answer to say that on the last appeal this cause was reversed and remanded for the failure of the court to give two instructions set out in the opinion of the court which the trial court had refused to give at plaintiff's instance and which this court held should have been given, and that those two instructions, except the changes necessary to transform them from declarations of law into instructions to juries, are identical with the ones which are complained of on the present appeal.    We, therefore, rule this assignment against appellant.

**Instructions.**

III.  Lastly, it is contended by appellant that the court erred in permitting plaintiff to show by the testimony of its attorney, who prepared this lien claim and notice thereof as for a sale made by plaintiff to Graham & Miller, that when he presented this paper to the officers of the plaintiff corporation they objected to that statement, and that though he filed the notice in this form, he afterwards went back to the office of the plaintiff, found out the facts and prepared a new notice five or six days later, showing that the sale was made to the defendant railroad company and the said Graham & Miller as joint purchasers.  Under these facts we do not think this second notice is under the ban of the rule prohibiting the introduction in evidence of a self-serving statement.  The testimony discloses that the original draft of the lien claimed and notice thereof, was prepared by the attorney without full consultation which his clients and that upon the ascertainment by him of the facts as to the parties to the contract, he filed one in strict accordance with their instructions.

**Self-Serving Testimony.**

It would be obviously unfair to use the first draft of that document against the plaintiff without permitting it to show the second notice made for the purpose of rectifying the former and showing the real nature of its claim against defendant.  This matter of filing the claim for a lien was all one transaction and did not become otherwise by the lapse of the few days necessary for the attorney to ascertain the facts before amending his claim in accordance therewith.  As the defendant had used a part of this transaction, the plaintiff was entitled that the whole of it should be disclosed to the jury.

IV.  This cause has been tried in conformity with the laws declared on its last appeal.  The result is the judgment must be affirmed.  All concur.