## JOHN A. BARRETT et al., Plaintiffs in Error, v. STODDARD COUNTY et al.

Division Two, October 9, 1917.

1. **RES ADJUDICATA:** Record of Former Trial: Writ of Error. Where the Court of Appeals had affirmed the judgment of the trial court rendering judgment for damages against plaintiffs on their bond in a dissolved injunction and had remanded the cause to the circuit court with directions to enter judgment for a designated sum as of a certain date, and the circuit court had complied with that mandate, the interested parties being present, plaintiffs cannot, by a writ of error sued out of the Supreme Court to review this last judgment, inject into the case, to aid the writ, the record of the trial which resulted in the judgment from which the appeal was taken to the Court of Appeals, for the issues raised in that trial had become *res adjudicata,* and form no part of the record and proceedings brought up by the writ of error, and hence cannot be reviewed by the Supreme Court.

2. **APPELLATE JURISDICTION:** Nominal Party. Jurisdiction cannot be conferred by the presence of a merely nominal party.

3. ————: County as Nominal Party: Motion for Damages on Injunction Bond. An injunction brought by a bank against the county and another bank to restrain the county treasurer from depositing the county funds in the defendant bank designated as county depositary had been dissolved, and on appeal to the Supreme Court

the judgment was affirmed. Thereafter upon motion to assess damages on the injunction bond the court rendered judgment for defendant bank in the sum of $7000, and plaintiffs sued out a writ of error to the Supreme Court. *Held*, that the county was only a nominal party to the proceedings and had no right to file such a motion, because the interest on its deposits, about which the original suit centered, had been paid, and if the revenue laws were involved they were involved only in the original proceeding, which was settled on the former appeal; hence, the Supreme Court has no jurisdiction of the writ of error.

Error to Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

WRIT QUASHED.

*Thomas F. Lane, J. L. Fort* and *Giboney Houck* for plaintiff in error.

*Mozley & Woody* and *Wammack & Welborn* for defendant in error.

(1) Every issue on the merits of this case was briefed, argued and submitted to the Springfield Court of Appeals, and its decision and judgment thereon became and was a final adjudication of all such matters, and no other court will interfere therewith. Any other rule of procedure would lead to intolerable chaos. Hope v. Blair, 105 Mo. 93; McLure v. Bank, 263 Mo. 134; Emmert v. Aldridge, 231 Mo. 128; Cantwell v. Johnson, 236 Mo. 603. (2) When the Springfield Court of Appeals (183 S. W. 644) remanded this cause to the Circuit Court with directions to enter judgment for $7000 as of the date of overruling of the motion for new trial, it was a final determination of the cause, and the only thing the trial court could do under the law was to enter judgment in strict accordance with that direction. Allen v. Choteau, 74 Mo. 56; Bridge Co. v. Stone, 194 Mo. 175; Spratt v. Early, 199 Mo. 491; Smith v. Kiene, 231 Mo. 215; Keaton v. Jorndt, 259 Mo. 179; McLure v. Bank, 263 Mo. 128. (3) The contention is made that jurisdiction of this cause rests in

this court because Stoddard County is a party, and a construction of the revenue laws is involved. Neither of these contentions is tenable. This is purely an action to assess damages on an injunction bond. The record discloses that Stoddard County has no interest in the matter whatever. It is true that the action is ancillary to a proceeding to which, in some sort, the county was a party, and had some interest, and the appeal in the main case did go to the Supreme Court, but when that appeal was determined by this court, the county's connection with the case ceased. It filed no motion to assess damages. The evidence shows it suffered none, in fact, the City Bank having paid it the same interest that the Bank of Essex would have paid, had it been permitted to carry out its contract. The same statement will suffice as to the revenue laws. It seems to us absurd to say that in this simple action to assess damages on an injunction bond, the revenue laws of this State are involved. (4) This court, has no jurisdiction of this proceeding for the reason that on the 7th day of April, 1916, when the judgment was entered in the Howell Circuit Court, in accordance with the mandate of the Springfield Court of Appeals, the amount in controversy, both judgment and interest, was only $7432.76.

WALKER, P. J.—This case is here upon a writ of error issued June 21, 1916. The purpose of the writ is to secure a review of the record and proceedings in a certain case theretofore pending in the circuit court of Howell County in which a judgment had been entered in compliance with a mandate of the Springfield Court of Appeals.

A chronological resume of all the facts nearly and remotely connected with this case is presented. While much of this is extraneous and cannot be considered in determining the matter at issue, its statement will afford an opportunity for a better understanding of the case than can otherwise be obtained.

A temporary injunction was granted at the instance of plaintiffs by the circuit court of Stoddard County in July, 1907, restraining the treasurer of that county from depositing its funds in the Bank of Essex, which had theretofore been designated as the county depositary, and directing that such funds be deposited in the City Bank of Bloomfield. An injunction bond was given upon the granting of the temporary writ. A change of venue was then taken to Howell County by defendants, where, upon a trial in February, 1909, a judgment was rendered for defendants and as a consequence the writ of injunction was dissolved. Defendants thereupon filed a motion for damages on the injunction bond, and before its determination plaintiffs appealed from the ruling of the circuit court on the merits to the Supreme Court, where the judgment of the circuit court of Howell County was affirmed. Thereafter the motion to assess damages on the injunction bond was continued from time to time until December, 1914, when it was tried before a jury and defendants' damages fixed at $10,000, and after a *remittitur* a judgment was rendered by the court for $7,000. An appeal therefrom was granted plaintiffs to the Springfield Court of Appeals, where, after a review of all of the facts, the judgment of the trial court was on February 16, 1916, affirmed (183 S. W. 644), and it was ordered that the cause be remanded to the circuit court of Howell County and that it enter a judgment for the sum of $7,000 as of the date of the overruling of plaintiffs' motion for a new trial therein. Plaintiffs thereupon filed motions for a rehearing and to transfer the cause to the Supreme Court, both of which were by the Court of Appeals overruled March 11, 1916, and a mandate in conformity with its judgment was transmitted to the circuit court of Howell County. On April 7, 1916, all the parties being present, the circuit court of Howell County, in compliance with the mandate of the Springfield Court of Appeals, entered judgment in favor of the Bank of Essex and against the City Bank of Bloomfield and the sureties on its injunction bond for the sum of $7,000. An affidavit for an appeal to the Supreme Court from this judgment was filed by the plain-

tiffs and an appeal was granted to the Springfield Court
of Appeals May 28, 1916. Within the time granted plain-
tiffs filed their bill of exceptions in said court and on June
16, 1916, dismissed their appeal therein and sued out a
writ of error to the Supreme Court. In aid of this writ
not only the record of the proceedings relative to the entry
of the judgment by the circuit court in compliance with
the mandate of the Court of Appeals is here submitted,
but also the record of the proceedings of a former trial
of this case, in which there was a judgment for defendants
and upon appeal to the Court of Appeals the same was
affirmed, followed by a mandate to the circuit court as
above stated. The course pursued by the plaintiffs in
error in the preparation of this abstract is not only anom-
alous but unauthorized. The parties and the issues in the
case tried in the circuit court and affirmed upon appeal in
the Court of Appeals being the same as in the instant case,
the matters determined upon that appeal must be regard-
ed as having been finally determined, and they cannot be
galvanized into life as undecided issues by incorporating
them into the record in the case under consideration; in
other words, they are *res adjudicata*.    [Cape Girardeau
& Thebes Bridge Term. R. R. Co. v. So. Ill. & Mo. Bridge
Co., 215 Mo. 286; Meriwether v. Publishers, 224 Mo. 617;
Benton v. St. Louis, 248 Mo. 98; Bagnell Timber Co. v.
Railroad, 250 Mo. 514; Armor v. Frey, 253 Mo. 447; Scott
v. Realty & Imp. Co., 255 Mo. 76.]

All prior matters having been adjudicated, the rec-
ord and proceedings ordered to be brought up under our
writ "that error, if any there be, may be corrected," etc.,
has reference only to the record of the judgment of the
circuit court of Howell County entered in compliance with
the mandate of the Court of Appeals. Compliance there-
with is the trial court's only alternative. [Bagnell Timb.
Co. v. M. K. & T. Ry. Co., 242 Mo. 11; State ex rel. v.
Lamb, 174 Mo. App. 360; Ward v. Haren, 183 Mo. App.
569.] Our review, therefore, must be limited to consider-
ation of the court's action in this regard.

We have heretofore had occasion to consider this
question in Meyer v. Goldsmith, 196 S. W. 745, in which

we reached the conclusion, under facts identical with these at bar, that the circuit court had no other alternative than to comply with the mandate of the appellate court, and upon a showing that this had been done its action would not be interfered with.

There are no assignments of error assailing the integrity of the judgment we are authorized to review. The assignments made have reference only to errors alleged to have been committed during the first trial. These, as we have shown, were finally disposed of in the opinion and judgment of the Court of Appeals (183 S. W. 644). If this were not true, not only in this case but in others, the courts, instead of tending to terminate controversies by the finality of their judgments, would but offer opportunities for unending strife. There being apparent in this record, therefore, no substantial reason why we should interfere with the judgment of the trial court in its entry of the mandate of the Court of Appeals, we decline to do so.

The result of this conclusion would be an affirmance of the judgment of the circuit court. Another question, however, is acutely presented by the record which renders a formal declaration of this conclusion unnecessary. It is that of this court's jurisdiction to entertain and determine the appeal in this case. The grounds of our alleged jurisdiction as asserted by plaintiffs in error, is that one of the parties defendant is a county and that a construction of the revenue law is involved. The writ of error is based upon a judgment rendered upon a motion to assess damages on an injunction bond. Stoddard County has no interest in this matter. In the original proceeding out of which this action arose the county did have an interest in the funds in controversy, but this case was appealed to the Supreme Court and there determined. Thus determined, whatever interest the county had in the controversy ended. Furthermore, its right to file the motion to assess damages on the injunction bond did not exist, because the interest on its deposits, about which the original suit centered, had all been paid, and as a consequence it would have been entitled to no damages in said suit and hence did not join therein.

While, as a general rule, all of the obligees should join in the motion to assess damages on an injunction bond, a non-joinder is permissible if cause exists therefor. [Ohnsorg v. Turner, 33 Mo. App. 486; Jones v. Mastin, 60 Mo. App. 578.] The county's presence, therefore, as a defendant on the face of these proceedings, is due not to its being a real party in interest under the general requirements of our procedure, but to its having been made a party by plaintiffs to the original action and as a consequence continued as such in the motion to assess damages on the bond. By jurisdiction we mean the right to hear and determine. A nominal party to a proceeding has no rights therein to be heard or determined and therefore a court can acquire no jurisdiction by reason of his presence.

The nearest approach to a revenue law being involved is the fact that the original suit was concerning the interest on county funds. This, as stated, had been fully determined and the action here under review was simply in regard to the assessment of damages on an injunction bond.

Both of these questions were presented to and considered by the Court of Appeals, which ruled, as we do, adversely to the contention of the plaintiffs in error.

No facts are now submitted persuasive of our right to hear and determine this case, and while we have held, upon a review of all of the testimony relevant and otherwise, that we will not interfere with the judgment of the circuit court, we hold in addition that the writ of error was improvidently issued and should be quashed. It is so ordered. All concur.